JS 44 (Rev 06-17)    **CIVIL COVER SHEET**    19-CV-1539

JD    19    1539

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS
John Doe, c/o 1125 Walnut Street, Philadelphia, PA 19107

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U S PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James E. Beasley, Jr., Esquire, Lane R. Jubb, Jr., Esquire, Louis F. Tumolo, Esquire, The Beasley Firm, LLC, 1125 Walnut Street, Philadelphia, PA 19107 (215) 592-1000

## DEFENDANTS
Mitchell Garabedian, Esq, 100 State St, Boston, MA 02109; Law Offices of Mitchell Garabedian, 100 State St, Boston, MA 02109;Kurtis N Poulos, 3239 W Colony Dr, Milwaukee, WI 53223

County of Residence of First Listed Defendant    Suffolk
*(IN U S PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U S Government Plaintiff

☐ 2   U S Government Defendant

☐ 3   Federal Question *(U.S. Government Not a Party)*

☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 365 Personal Injury - | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | Liability | | | ☐ 480 Consumer Credit |
| of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☒ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U S Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 USC 1332
Brief description of cause
Intentional Infliction of Emotional Distress and Defamation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE    04/10/2019
SIGNATURE OF ATTORNEY OF RECORD

APR 10 2019

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19   1539**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff  1125 Walnut Street, Philadelphia, PA 19107

Address of Defendant  100 State Street, 6th Fl., Boston, MA  02109; 3239 W. Colony Drive, Milwaukee, WI  53221

Place of Accident, Incident or Transaction  Montgomery County, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number _____   Judge _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE  04/10/2019   _____   319272
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I D  # (if applicable)*

---

**CIVIL:** (Place a ✓ in one category only)

**A.   Federal Question Cases:**

1 ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2 ☐ FELA
3 ☐ Jones Act-Personal Injury
4 ☐ Antitrust
5 ☐ Patent
6 ☐ Labor-Management Relations
7 ☐ Civil Rights
8 ☐ Habeas Corpus
9 ☐ Securities Act(s) Cases
10 ☐ Social Security Review Cases
11 ☐ All other Federal Question Cases
   *(Please specify)* _____

**B.   Diversity Jurisdiction Cases:**

1 ☐ Insurance Contract and Other Contracts
2 ☐ Airplane Personal Injury
3 ☐ Assault, Defamation
4 ☐ Marine Personal Injury
5 ☐ Motor Vehicle Personal Injury
6 ☑ Other Personal Injury *(Please specify)*   IIED
7 ☐ Products Liability
8 ☐ Products Liability – Asbestos
9 ☐ All other Diversity Cases
   *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, Lane R. Jubb, Jr., Esquire , counsel of record *or pro se plaintiff*, do hereby certify

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

APR 10 2019

DATE  04/10/2019   _____   319272
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I D  # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

APR 11 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOHN DOE | : | CIVIL ACTION |
| v. | : | **19  1539** |
| MITCHELL GARABEDIAN, ESQUIRE, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| April 10, 2019 | | Lane R. Jubb, Jr., Esquire |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| (215) 592-1000 | (215) 592-8360 | lane.jubb@beasleyfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR 10 2019

APR 10 2019

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN DOE**<br>1125 Walnut Street<br>Philadelphia, PA 19125<br><br>        **Plaintiff**<br><br>    vs.<br><br>**MITCHELL GARABEDIAN, ESQ.**<br>100 State Street, 6th Floor<br>Boston, MA 02109<br><br>    **and**<br><br>**LAW OFFICES OF MITCHELL GARABEDIAN**<br>100 State Street, 6th Floor<br>Boston, MA 02109<br><br>    **and**<br><br>**KURTIS N. POULOS**<br>3239 W. Colony Drive<br>Milwaukee, WI 53221<br><br>        **Defendants.** | **CIVIL COMPLAINT**<br><br>NO: _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I. INTRODUCTION

This case stems from the Defendants' outrageous scheme, where they falsely accused Plaintiff of deplorable conduct in order to extort a quick contingent fee and monetary payoff. They published these statements to Plaintiff's supervisors and peers, which caused irreparable damage to the reputation he held amongst his colleagues and the boarding school community that he has served for over twenty-five years.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

## II. PARTIES

1.      Plaintiff John Doe is an adult individual and private figure who resides in Ohio, with a principal place of business in Montgomery County, Pennsylvania.[1]

2.      Defendant Mitchell Garabedian, Esquire is an adult individual who is the owner and principal of the Law Offices of Mitchell Garabedian and is counsel for Defendant Kurtis N. Poulos.

3.      Defendant Law Offices of Mitchell Garabedian, is a law firm located at the identified address.   Defendant Mitchell Garabedian, Esquire and the Law Offices of Mitchell Garabedian are collectively referred to as "The Garabedian Defendants."

4.      The Garabedian Defendants are responsible for the acts and omissions of their employees, servants, and agents identified and described in this Complaint as well as those identified through discovery.

5.      Defendant Kurtis N. Poulos ("Poulos") is an adult individual residing at the above identified address.

6.      Each and every defendant is liable for the acts of its agents, servants, and/or employees.

## III. JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332.   The amount in controversy substantially exceeds the requirement for Federal Diversity Jurisdiction and to guarantee a jury trial, exclusive of interest and

---

[1]   Plaintiff's identity is pled as a pseudonym due to Plaintiff's fear of severe harm, which is reasonable in light of the social climate in which this suit is brought. *Doe v. Megless*, 654 F.3d 404, 408, (3d. Cir. 2011). Plaintiff is a private figure and disclosure of Plaintiff's identity would not promote any public interest. See, *Doe v. Unum Life Ins. Co. of Am.*, 2014 U.S. Dist. LEXIS 54821 (E.D. Pa. 2014).

2

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**PLAINTIFF'S COMPLAINT**
**DOE V. GARABEDIAN, ET AL.**

costs. The Defendants are citizens of states other than the states in which the Plaintiff resides.

8.     This Court has jurisdiction over the parties because the Defendants targeted their specific statements, publications, and tortious conduct at issue in this action directly toward and in Montgomery County, Pennsylvania.

9.     Venue is proper pursuant to 28 U.S.C. § 1391 because all Defendants are subject to the Courts personal jurisdiction with respect to the civil action in question. The Defendants published their defamatory statements at Plaintiff's principal place of business, a private school in Montgomery County, Pennsylvania ("Plaintiff's School" or "The School") where they targeted their unlawful scheme.

### IV. FACTS

10.     Plaintiff has been an educator, coach, dorm parent, and administrator within his school community for over twenty-five (25) years, where he earned and maintained the highest esteem, respect, and gratitude of his supervisors, colleagues, students, and alumni.

11.     On April 11, 2018, the Garabedian Defendants sent a letter to the headmaster of Plaintiff's school and falsely stated that Plaintiff engaged in abhorrent conduct with a minor (identified as Defendant Poulos) twenty-five (25) years ago. A redacted copy of the April 11, 2018 letter is attached hereto as Exhibit "A."

12.     The Defendants statements in the April 11, 2018 letter were published as fact and not characterized as allegations, let alone opinions – even going so far to claim their statements were:

only meant to briefly touch the surface of the relevant facts.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

PLAINTIFF'S COMPLAINT
DOE V. GARABEDIAN, ET AL.

13.    The Defendants demanded $1,000,000.00 "for settlement" of Defendant Poulos' purported "claim," with the intent that Plaintiff and The School would fear the mere filing of any lawsuit, despite its complete lack of merit.

14.    At no time prior to publishing this letter and making these false defamatory statements did the Garabedian Defendants perform any investigation to corroborate Defendant Poulos' statements.

15.    In response to the letter, a prominent third-party law firm in Philadelphia was retained and it commenced an investigation into the Defendants' claims.

16.    Despite numerous requests by phone, letter, and email, for additional information about the alleged claims, the Garabedian Defendants did not respond for over seven (7) months.

17.    On December 26, 2018, the Garabedian Defendants published another letter setting forth further false abhorrent claims against Plaintiff. A redacted copy of this letter is attached hereto as Exhibit "B."

18.    The December letter contained substantive and typographical errors. It also changed the timeframe the purported conduct was said to have occurred when compared to the April letter.

19.    At the same time, the Garabedian Defendants sought to obtain Defendant Poulos' school records, by written authorization.  In other words, the Garabedian Defendants made their outrageous claims without even obtaining the readily available school records of their own client; records that would have shown Poulos' claims to be false.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

4

PLAINTIFF'S COMPLAINT
DOE V. GARABEDIAN, ET AL.

20.     The third-party investigators made numerous requests to the Garabedian Defendants – for *even just a returned phone call or acknowledgement* – in order to move their investigation forward. The Garabedian Defendants never responded.

21.     The school also made numerous requests to the Garabedian Defendants to move its own review forward.  The Garabedian Defendants never responded.

22.     Finally, having not heard from the Defendants in months, the school sent the Defendants a final notice; if they did not contact the school or third-party investigators by March 1, 2019, the school would assume the Defendants were not serious about pursuing the statements of fact they made against Plaintiff in their previous publications.

23.     Once again, the Garabedian Defendants never responded.

24.     The accusations made and published by the Defendants were – and are – completely false.

25.     The Garabedian Defendants knew or should have known that allegations of abhorrent conduct with a minor would be catastrophic to the reputation of the accused and are *per se* defamatory.

26.     At the time the Defendants made their outrageous statements against Plaintiff and their demand for money, they knew Pennsylvania's statute of limitations would apply to any claim and that it required any civil action be brought within "12 years after [Poulos] attain[ed] 18 years of age," i.e. before his thirtieth (30th) birthday. 42 Pa. C.S.A. § 5533(b)(2)(i).

27.     The Defendants stated that Poulos was "currently *39 years of age*" in their April 11, 2018 letter.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

5

**PLAINTIFF'S COMPLAINT**
**DOE V. GARABEDIAN, ET AL.**

28.   Thus, the Defendants knew that any possible claim (even putting aside the complete lack of substantive merit) *was barred by Pennsylvania's statute of limitations by more than nine (9) years*. [2]

29.   Furthermore, despite demanding a million dollars *from the school*, the Garabedian Defendants made no statement of fact or allegation that would give rise to a claim against *the school* for Plaintiff's purported conducted; there were no claims of notice, inadequate supervision, or that Doe was acting in the course and scope of his employment.

30.   The Defendants statements were not an attempt to compromise any valid or potential legal claim.

31.   The Defendants never actually intended to file suit; a suit they *knew* to be unsustainable, meritless, and fatally deficient under the law.

32.   Rather, the Defendants' improper purpose was to cause Plaintiff maximum emotional harm – and his most respected school a potential PR nightmare – in hopes of leveraging, by false and extortionate demands, a quick payout and contingency fee.

33.   The Defendants sought to obtain that $1,000,000 from the school, with the school's consent, induced by the Defendants wrongful use of actual fear and under the color of official right.

34.   Plaintiff earned and maintained a reputation as a pillar of truth, honesty, justice, and good repute within his community – and he fought for whatsoever things would come from that virtuous pursuit; he taught thousands of others to do the same.

---

[2]   The Defendants also knew any lawsuit would be barred by the statute of limitations in Plaintiff's home state (Ohio) by more than nine (9) years and also barred by Defendant Poulos' home state (Wisconsin) by more than four (4) years.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**PLAINTIFF'S COMPLAINT**
**DOE V. GARABEDIAN, ET AL.**

35.     As a direct and proximate result of the Defendants' malicious, outrageous, intentional and otherwise reckless conduct, the Plaintiff has suffered immeasurable harm to his personal and professional reputation and name, and significant embarrassment, humiliation, emotional turmoil, distress, and physical manifestations thereof, which will continue into the foreseeable future.

## V. THEORIES OF LIABILITY AND CAUSES OF ACTION

### COUNT ONE
### PLAINTIFF v. THE GARABEDIAN DEFENDANTS
#### DEFAMATION

36.     Plaintiff incorporates the above paragraphs by reference.

37.     The Garabedian Defendants' statements and letters were publications concerning Plaintiff.

38.     The Garabedian Defendants fully anticipated, knew, or should have known that the contents of their letter would foreseeably be distributed to other individuals within the school community, more than simply the headmaster to whom it was addressed.

39.     The Garabedian Defendants knew or should have known that the contents of their letter would foreseeably follow the Plaintiff everywhere, to any other academic community, and that Plaintiff would have to disclose the content of those letters in countless scenarios.

40.     The Defendants' statement, contained in the April 11, 2018 letter, that Defendant Poulos "was repeatedly sexually molested by [Plaintiff Doe]" is false and defamatory.

7

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

41.     Any inference, innuendo, or implication that Plaintiff Doe had _any_ contact with Defendant Poulos that was inappropriate or sexual in nature, at any time, is also completely false and defamatory *per se*.

42.     Each and every statement published by the Defendants pertaining to or describing inappropriate or sexual conduct by Plaintiff Doe, in either the April 11 or December 26, 2018 publications, is false and defamatory *per se*.

43.     The Garabedian Defendants' statements, identified above and attached hereto, are defamatory *per se* where there could be no greater charge levied against an educator who has dedicated his life to his school and his students' well-being.

44.     Any statement or implication that Plaintiff Doe caused harm to Defendant Poulos is false and defamatory including, without limitation:

       a)   ¶ 3, in its entirety, of the April, 2018 letter attached as Exhibit "A;" and

       b)   ¶ 6, in its entirety, of the December, 2018 letter attached as Exhibit "B."

45.     The Garabedian Defendants advertise themselves as nationally recognized advocates for victims of child abuse and are readily aware of the Statute of Limitations and *prima facie* elements of vicarious liability.

46.     The Garabedian Defendants never actually intended to file a suit; they *knew* any suit was unsustainable, meritless, and fatally deficient under the law both substantively and procedurally.

47.     The Garabedian Defendants had an improper motive for their publications, which were motivated by malice to leverage the fear of the statements being published for a quick extortionate payout.

8

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

PLAINTIFF'S COMPLAINT
DOE V. GARABEDIAN, ET AL.

48.     The Defendants published the statements without reasonable cause before doing any preliminary investigation – even so much as reviewing Polous' easily accessible school records and in the other respects as averred above.

49.     In fact, even a minimal investigation would have confirmed the falsity of their malicious statements.

50.     As a direct and proximate result of the Garabedian Defendants' malicious, outrageous, intentional and otherwise reckless conduct and publications, Plaintiff has suffered the harm previously set forth herein, which will continue into the future.

**WHEREFORE**, Plaintiff hereby demands damages from the Garabedian Defendants in an amount significantly in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, punitive damages, and such other relief as this Honorable Court deems just and appropriate.

## COUNT TWO
## PLAINTIFF v. THE GARABEDIAN DEFENDANTS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51.     Plaintiff incorporates the above paragraphs by reference.

52.     The Garabedian Defendants' conduct and motives were outrageous, malicious, beyond all possible bounds of decency, and intolerable in a civilized community – especially that of the legal profession in this or any Commonwealth or State.[3]

53.     The Garabedian Defendants' conduct was intended to cause and/or otherwise recklessly caused Plaintiff to suffer the severe emotional distress that he has in fact suffered.

---

[3]   Plaintiff incorporates his Certificate of Merit, filed separately, as if fully set forth at length herein.

9

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

PLAINTIFF'S COMPLAINT
DOE V. GARABEDIAN, ET AL.

54.   The Garabedian Defendants knew that any claim against Plaintiff was false, meritless, and woefully deficient but still sought to inflict in Plaintiff the fear and emotional distress of being accused of such conduct in a public filing.

55.   The Garabedian Defendants sought to leverage the severe emotional distress of Plaintiff (which they intended to inflict) in order to extortionately strip a quick contingency fee from a false and patently frivolous "claim" that was most egregious in nature.

56.   As a direct and proximate result of the Garabedian Defendants' outrageous, atrocious and utterly intolerable conduct, Plaintiff has and will continue to suffer those damages previously set forth as well as severe emotional distress, which has physical manifestations including, but not limited to, nausea, stomach sickness, nightmares, lethargy, and which foreseeably requires medical care.

**WHEREFORE**, Plaintiff hereby demands damages from the Garabedian Defendants in an amount significantly in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, punitive damages, and such other relief as this Honorable Court deems just and appropriate.

## COUNT THREE
## PLAINTIFF v. KURTIS N. POULOS
### DEFAMATION

57.   Plaintiff incorporates the above paragraphs by reference.

58.   Defendant Poulos' statements of and concerning Plaintiff, are entirely, wholly, and completely false.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

59.     Upon information and belief, Defendant Poulos also made the substantively same false and malicious statements identified above to individuals other than the co-defendants.

60.     Defendant Poulos' statement, contained in the April 11, 2018 letter, that he "was repeatedly sexually molested by [Plaintiff Doe]" is false and defamatory.

61.     Any statement, inference, innuendo, or implication that Plaintiff Doe had any contact with Defendant Poulos that was inappropriate or sexual in nature, is also completely false and defamatory *per se*.

62.     Each and every statement published by the Defendants pertaining to or describing inappropriate or sexual conduct by Plaintiff Doe, in either the April 11 or December 26, 2018 publications attached hereto, is false and defamatory *per se*.

63.     Any statement or implication that Plaintiff Doe caused harm to Defendant Poulos is false and defamatory including, without limitation:

　　　a)  ¶ 3, in its entirety, of the April, 2018 letter attached as Exhibit "A;" and

　　　b)  ¶ 6, in its entirety, of the December, 2018 letter attached as Exhibit "B."

64.     Defendant Poulos' statements, identified above and attached hereto, are defamatory *per se* where there could be no greater charge levied against an educator who has dedicated his life to his school and his students' well-being.

65.     Defendant Poulos knew his statements of and concerning Plaintiff were false and that any suit was unsustainable, meritless, and fatally deficient under the law.

66.     Defendant Poulos knew or should have known that the contents of the letters sent on his behalf would foreseeably follow Plaintiff everywhere, to any other

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

11

PLAINTIFF'S COMPLAINT
DOE V. GARABEDIAN, ET AL.

academic community, and that Plaintiff would be forced to disclose the content of those letters in countless scenarios.

67. Defendant Poulos had an improper motive for his false statements levied against Plaintiff, which were motivated by malice to leverage a quick extortionate payout.

68. As a direct and proximate result of Defendant Poulos' malicious, outrageous, intentional and otherwise reckless conduct and publications, Plaintiff has suffered the harm previously set forth herein, which will continue into the future.

**WHEREFORE**, Plaintiff hereby demands damages from Defendant Poulos in an amount in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, punitive damages, and such other relief as this Honorable Court deems just and appropriate.

## <u>NOTICE OF PRESERVATION OF EVIDENCE</u>

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

12

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

PLAINTIFF'S COMPLAINT
DOE V. GARABEDIAN, ET AL.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

**THE BEASLEY FIRM, LLC**

BY:

JAMES E. BEASLEY, JR., ESQ.
LANE R. JUBB, JR., ESQ.
LOUIS F. TUMOLO, ESQ.
1125 Walnut Street
Philadelphia, Pa 19107
215.592.1000
215.592.8360 (fax)
*Attorneys for Plaintiff*

Date: 10 April 2019

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

PLAINTIFF'S COMPLAINT
DOE V. GARABEDIAN, ET AL.

# Exhibit A

LAW OFFICES
OF
MITCHELL GARABEDIAN

MITCHELL GARABEDIAN
WILLIAM H. GORDON
NATHAN A. GAUL
SALVATORE M. CIULLA
DANIEL R. MAHONEY
LEAH BRADY
MIRRA L. CAMPBELL

100 STATE STREET, 6TH FLOOR
BOSTON, MASSACHUSETTS 02109

(617) 523-6250
FAX (617) 523-9687

April 11, 2018

Headmaster
███████ School
█████████
Pottstown, PA 19464

Re:   Sexual Abuse Claim of Kurtis Nicholas Poulos

Dear Mr. ██████

Please be informed that this office represents Kurtis Nicholas Poulos. This letter is an attempt to settle and compromise claims involving ███████████ (hereinafter "████████") and ██████'s supervisors at ██████ School. It should not be used as evidence in any court hearing.

Kurtis Nicholas Poulos., currently 39 years of age, was repeatedly sexually molested by ████████ from approximately 1993 when he was approximately 15 years of age years of age until approximately 1995 when he was approximately 17 years of age. During relevant times, ██████████ was assigned to or affiliated with ██████ School in Pottstown, Pennsylvania while Mr. Poulos was enrolled and attended school at ██████ School.

As a result of being sexually molested by ██████████, Mr. Poulos's injuries include, but are not limited to, depression; sadness; crying; anxiety; emotional pain; sleep problems; concentration problems; low self-esteem; low self-respect; low self-confidence; apathy, finding himself not caring about things; not caring about his grades or his future while he attended ██████ School; turned to drugs and alcohol to cope with the emotional pain; self- sabotaging the good things in his life; flashbacks and reminders; feeling broken and unfixable; sexuality problems such as being oversexed at times; problems with being touched; self-harm; feeling alone and isolated; feeling ostracized while he was at school; shame; embarrassment; guilt; self-blame; trust problems; intimacy problems; losing a dangerous amount of weight while at ██████ School

LAW OFFICES
OF
MITCHELL GARABEDIAN

████████████

April 11, 2018
Page 2 of 2

because he did not feel like eating; suicidal ideation; creation of an emotional void in him; anger; confusion; feeling that ████████ ruined a part of his life; feeling that ██ ████ sent him down the wrong road in life; and feeling that ████████ stole his childhood innocence.

The aforementioned brief description is in no way meant to be exhaustive in its detail, but is only meant to briefly touch the surface of the relevant facts. The case is subject to substantive changes at any given time given the sensitive nature of the case.

Mr. Poulos's demand for settlement is $1,000,000.00.

I await your response.

Thank you.

Very truly yours,

*MG*

Mitchell Garabedian

Exhibit B

Dec 26 2018 04:51PM   Mitchell Garabedian Law   6175233687                     page 2

LAW OFFICES
OF
MITCHELL GARABEDIAN

MITCHELL GARABEDIAN
WILLIAM H. GORDON
NATHAN A. GAUL
SALVATORE M. CIULLA
DANIEL R. MAHONEY
MIRRA L. CAMPBELL

100 STATE STREET, 6TH FLOOR
BOSTON, MASSACHUSETTS 02109

(617) 523-6250
FAX (617) 523-3687

December 26, 2018

VIA FAX (████████████)
AND FIRST CLASS MAIL

████████████████

Norristown, PA 19404

Re:   Sexual Abuse Claim of Kurtis Nicholas Poulos

Dear ████████████

As you know, this office represents Kurtis Nicholas Poulos with regard to his sexual abuse claim involving ███████████████ and ██████████████ supervisors at █████ ████ School.

During our telephone conversation regarding this matter on December 21, 2018, you requested additional information about Mr. Poulos's sexual abuse claim. Pursuant to your request, and in further support of Mr. Poulos's claim, Mr. Poulos provides the following information:

Kurtis Nicholas Poulos (DOB 10/10/1978) met ████████ during Mr. Poulos's freshman year at ██████ School in approximately 1993 or approximately 1994 when Mr. Poulos was approximately 14 or approximately 15 years old. ████████ served as a table master in the dining hall and Mr. Poulos had a rotation at ████████'s table during Mr. Poulos's freshman year. Mr. Poulos recalls that ████████ was a mathematics teacher and a cross country coach at ███████ School. Mr. Poulos recalls that ████████ lived in a dormitory of ██████ School with ██████████'s family. Mr. Poulos does not recall that anything inappropriate happened with ████████ during Mr. Poulos's freshman year at ██████ School.

████████ was Mr. Poulos's geometry teacher during Mr. Poulos's sophomore year at ██████ School in approximately 1994 and approximately 1995 when Mr. Poulos was approximately 15 and approximately 16 years old. Mr. Poulos recalls that classes were held on a rotating schedule at ██████ School, so that classes met at different times of day. On certain days when Mr. Poulos had geometry as the last class of the day, ██ ████████ made Mr. Poulos stay behind in ████████'s classroom. ████████ and Mr.

LAW OFFICES
OF
MITCHELL GARABEDIAN

December 26, 2018
Page 2 of 2

Poulos were alone in the classroom after school on these occasions. Mr. Poulos recalls that the geometry classroom was located at the end of a hallway. During the course of Mr. Poulos's sophomore year, ███████ sexually abused Mr. Poulos in ███████'s geometry classroom between approximately 10 and approximately 15 times. The sexual abuse consisted of, among other things, ███████ fondling Mr. Poulos's penis and testicles, skin on skin; ███████ making Mr. Poulos fondle ███████ penis and testicles, skin on skin; ███████ putting his mouth on ███████'s penis; and ███████ making Mr. Poulos put his mouth on ███████'s penis.

The sexual abuse by ███████ ended with Mr. Poulos's sophomore year at ███ ███ School. Mr. Poulos transferred to Marquette University High School, Milwaukee, Wisconsin for his junior year of high school. Mr. Poulos returned to ███████ School for his senior year, approximately 1996 to approximately 1997. Mr. Poulos had limited contact with ███████ during Mr. Poulos's senior year, although Mr. Poulos recalls that he and ███████ lived in the same dormitory during that year. Mr. Poulos does not recall any sexual abuse during Mr. Poulos's senior year at ███████ School. Mr. Poulos does not recall having any contact with ███████ after Mr. Poulos graduated from ███ School in approximately 1997 when Mr. Poulos was approximately 18 years old.

As I have previously advised you, Mr. Poulos has suffered numerous injuries as a result of the sexual abuse by ███████, including, but not limited to, problems with depression; sadness; crying; anxiety; emotional pain; sleep; concentration; low self-esteem; low self-respect; low self-confidence; apathy; not caring about things in his life; self-medicating with alcohol and drugs; sabotaging himself; flashbacks and reminders of the sexual abuse; feeling broken and unfixable; sexuality; being touched; self-harm; feeling alone and isolated; feeling ostracized at ███████ School; shame; embarrassment; guilt; self-blame; trust; intimacy; losing weight while at ███████ School; suicidal ideation; feeling an emotional void; anger; confusion; feeling like ███████ ruined a part of his life; feeling like ███████ sent him down the wrong road in life; and feeling like ███████ stole his childhood innocence.

Please advise me as to your client's position with regard to this matter.

Thank you.

Very truly yours,

Mitchell Garabedian