## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN DOE**<br>Ohio, 43016<br>c/o 1125 Walnut Street<br>Philadelphia, PA 19107<br><div align="right">**Plaintiff**</div><br>vs.<br><br>**MITCHELL GARABEDIAN, ESQ.**<br>100 State Street, 6th Floor<br>Boston, MA 02109<br><br>**And**<br><br>**MITCHELL GARABEDIAN, ESQ**<br>**d/b/a LAW OFFICES OF**<br>**MITCHELL GARABEDIAN**<br>100 State Street, 6th Floor<br>Boston, MA 02109<br><br>**and**<br><br>**KURTIS N. POULOS**<br>3239 W. Colony Drive<br>Milwaukee, WI 53221<br><div align="right">**Defendants.**</div> | **CIVIL COMPLAINT**<br><br>**NO: 2:19-cv-01539**<br><br><br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

### I. INTRODUCTION

This case stems from the Defendants' outrageous scheme, where they falsely accused Plaintiff of deplorable conduct in order to extort a quick contingent fee and monetary payoff. They published these statements to Plaintiff's supervisors and peers, which caused irreparable damage to the reputation he held amongst his colleagues and the boarding school community that he has served for over twenty-five years.

THE BEASLEY FIRM, LLC<br>THE BEASLEY BUILDING<br>1125 WALNUT STREET<br>PHILADELPHIA, PA 19107<br>215.592.1000<br>215.592.8360 (FAX)<br>WWW.BEASLEYFIRM.COM

## II. PARTIES

1.    Plaintiff John Doe is an adult individual and private figure who is a citizen of, and domiciled in, Ohio, with a principal place of business in Montgomery County, Pennsylvania.[1]

2.    Defendant Mitchell Garabedian, Esquire (hereafter, "Garabedian") is an adult individual who is a citizen of, and domiciled in, Massachusetts with a principal place of business at the above captioned address.

3.    Defendant Mitchell Garabedian, Esquire d/b/a Law Offices of Mitchell Garabedian, is a sole proprietorship, domiciled in Massachusetts with a principal place of business at the above captioned address.

4.    At all times pertinent hereto, no other entity other than Defendant Garabedian employed the associates, paralegals, or legal staff at his law practice.

5.    Defendant Garabedian and his sole proprietorship, "Law Offices of Mitchell Garabedian" are collectively referred to as "The Garabedian Defendants." The "Garabedian Defendants" shall also mean and refer to their employees, including any associates, paralegals, and/or legal staff.

6.    The Garabedian Defendants are responsible for the acts and omissions of their employees, servants, and agents identified and described in this Complaint as well as those identified through discovery.

7.    Defendant Kurtis N. Poulos ("Poulos") is an adult individual who is a citizen of, and domiciled in, Wisconsin.

---

[1]    Plaintiff's identity is pled as a pseudonym due to Plaintiff's fear of severe harm, which is reasonable in light of the social climate in which this suit is brought. *Doe v. Megless*, 654 F.3d 404, 408, (3d. Cir. 2011). Plaintiff is a private figure and disclosure of Plaintiff's identity would not promote any public interest. See, *Doe v. Unum Life Ins. Co. of Am.*, 2014 U.S. Dist. LEXIS 54821 (E.D. Pa. 2014).

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

2

SECOND AMENDED COMPLAINT
*DOE V. GARABEDIAN, ET AL.*

8.     Each and every defendant is liable for the acts of its agents, servants, and/or employees.

## III. JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332.  The Defendants are citizens of states other than which the Plaintiff is a citizen. The amount in controversy substantially exceeds the requirement for Federal Diversity Jurisdiction and to guarantee a jury trial, exclusive of interest and costs. The Defendants are citizens of states other than the states in which the Plaintiff resides.

10.     This Court has jurisdiction over the parties because the Defendants targeted their specific statements, publications, and tortious conduct at issue in this action directly toward and in Montgomery County, Pennsylvania.

11.     Venue is proper pursuant to 28 U.S.C. § 1391 because all Defendants are subject to the Court's personal jurisdiction with respect to the civil action in question. The Defendants published their defamatory statements at Plaintiff's principal place of business, a private school in Montgomery County, Pennsylvania ("Plaintiff's School" or "The School") where they targeted their unlawful scheme.

## IV. FACTS

12.     Plaintiff has been an educator, coach, dorm parent, administrator, and figure within his School community in Pennsylvania for over twenty-five (25) years, where he earned and maintained the highest esteem, respect, and gratitude of his supervisors, colleagues, students, and alumni.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

3

SECOND AMENDED COMPLAINT
*DOE V. GARABEDIAN, ET AL.*

13.     Shortly after joining his School in 1992, Plaintiff's skill and dedication as an educator quickly elevated him through the ranks of faculty and endeared him to students and alumni.

14.     In the fall of 2009, Plaintiff accepted a head of school position at another private school in order to continue his professional endeavors in education. During this time as headmaster at another school, Plaintiff continued to maintain his relationships with former students, faculty, and alumni from his School in Pennsylvania, even attending class reunions and graduations.

15.     In July, 2016, Plaintiff returned to his School in Pennsylvania in a role where he helped generate capital gifts through the longstanding relationships he built and maintained with School alumni over his longstanding and successful career.

16.     Sometime prior to Plaintiff Doe's return to his School (i.e. July, 2016), Defendant Poulos sought out Defendant Garabedian to assist him with a fraudulent scheme to extort money from Plaintiff's School.[2]

17.     On April 11, 2018, the Garabedian Defendants sent a letter to the headmaster of Plaintiff's school and falsely stated that Plaintiff engaged in abhorrent conduct with a minor (identified as Defendant Poulos) twenty-five (25) years ago. A redacted copy of the April 11, 2018 letter is attached hereto as Exhibit "A."

18.     The Defendants statements in the April 11, 2018 letter were published as fact – not even as allegations, let alone opinions – even going so far to claim their statements were:

---

[2]     See, ¶¶ 7-8 of Defendant Poulos' *Pro Se* Motion to Dismiss Plaintiff's Complaint ("...at the time of the communication with Attorney Garabedian this teacher was no longer at 'HIS school community'... The teacher I talked about with Attorney Garabedian *was at the time The Head of School at a different institution* than the one I attended") (Emphasis added). Dkt. at 19.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

SECOND AMENDED COMPLAINT
*DOE V. GARABEDIAN, ET AL.*

only meant to briefly touch the surface of the relevant facts.

19. The Defendants demanded $1,000,000.00 "for settlement" of Defendant Poulos' purported "claim," with the intent that Plaintiff and The School would fear the mere filing of any lawsuit, despite its complete lack of merit, substantively, in addition to which it would obviously be time-barred.

20. At no time prior to publishing this letter and making these false defamatory statements did the Garabedian Defendants perform any investigation as to Defendant Poulos' statements.

21. In response to the Defendants April, 2018 letter, a prominent third-party law firm in Philadelphia was retained and commenced an investigation into the matter.

22. Despite numerous requests by phone, letter, and email, for additional information about the purported claims, the Garabedian Defendants did not respond for over seven (7) months.

23. On December 26, 2018, the Garabedian Defendants published another letter setting forth further false abhorrent statements against Plaintiff. A redacted copy of this letter is attached hereto as Exhibit "B."

24. The December letter contained substantive and typographical errors. It also changed the timeframe the purported conduct was said to have occurred when compared to the April letter.

25. At the same time, the Garabedian Defendants sought to obtain Defendant Poulos' school records, by written authorization. In other words, the Garabedian Defendants made their outrageous claims without even obtaining the readily available

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

5

SECOND AMENDED COMPLAINT
DOE V. GARABEDIAN, ET AL.

school records of their own client; records that would have shown Poulos' claims to be false.

26. Per Defendant Poulos, the Garabedian Defendants never even asked Defendant Poulos to review either the April or December, 2018 letter to confirm their accuracy.[3]

27. The third-party investigators made numerous requests to the Garabedian Defendants – for *even just a returned phone call or acknowledgement* – in order to move their investigation forward. The Garabedian Defendants never responded.

28. The School also made numerous requests to the Garabedian Defendants to move its own review forward. The Garabedian Defendants never responded.

29. Finally, having not heard from the Defendants in months, the School sent the Defendants a final notice; if they did not contact the School or third-party investigators by March 1, 2019, the School would assume the Defendants were not serious about pursuing the statements of fact they made against Plaintiff in their previous publications.

30. Once again, the Garabedian Defendants never responded.

31. The accusations made and published by the Defendants were – and are – completely false.

32. At no time in his career has Plaintiff Doe ever had inappropriate contact with a student.

---

[3] See, ¶ 9 of Defendant Poulos' *Pro Se* Motion to Dismiss Plaintiff's Complaint ("Prior to the receipt of the Complaint *I had never seen the letters* on my behalf by Attorney Garabedian to my former school.") (Emphasis added). Dkt. at 19.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

6

SECOND AMENDED COMPLAINT
*DOE V. GARABEDIAN, ET AL.*

33.    Prior to Defendants' letters, Doe was never accused of having had inappropriate contact with a student – nor have any other claims or accusations been made since.

34.    Defendants knew that Doe had never before been accused of having had inappropriate contact with a student.

35.    The Garabedian Defendants knew or should have known that allegations of abhorrent conduct with a minor would be catastrophic to the reputation of the accused and are *per se* defamatory.

36.    At the time the Defendants made their outrageous statements against Plaintiff and their demand for money, they knew Pennsylvania's statute of limitations would apply to any claim and that it required any civil action be brought within "12 years after [Poulos] attain[ed] 18 years of age," i.e. before his thirtieth (30th) birthday. 42 Pa. C.S.A. § 5533(b)(2)(i).

37.    The Defendants stated that Poulos was "currently *39 years of age*" in their April 11, 2018 letter.

38.    Thus, the Defendants knew that any possible claim (even putting aside the complete lack of substantive merit) *was barred by Pennsylvania's statute of limitations by more than nine (9) years*. [4]

39.    Furthermore, despite demanding a million dollars *from the school*, the Garabedian Defendants made no statement of fact or allegation that would give rise to a claim against *the school* for Plaintiff's purported conducted; there were no claims of

---

[4] The Defendants also knew any lawsuit would be barred by the statute of limitations in Plaintiff's home state (Ohio) by more than nine (9) years and also barred by Defendant Poulos' home state (Wisconsin) by more than four (4) years.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

7

SECOND AMENDED COMPLAINT
*DOE V. GARABEDIAN, ET AL.*

notice, inadequate supervision, or that Doe was acting in the course and scope of his employment.

40.    The Defendants statements were not an attempt to compromise any valid or potential legal claim.

41.    The Defendants never actually intended to file suit; a suit they *knew* to be unsustainable, meritless, and fatally deficient under the law.

42.    The Defendants' statements were not for purposes of "settlement" of any claims because they knew no remotely viable claims existed.

43.    Rather, the Defendants' improper purpose of their publications was to cause Plaintiff maximum emotional harm – and his most respected school a potential PR nightmare – in hopes of leveraging, by false and extortionate demands, a quick payout and contingency fee.

44.    The Defendants sought to obtain that $1,000,000 from the school, with the school's consent, induced by the Defendants wrongful use of actual fear and under the color of official right.

45.    Plaintiff earned and maintained a reputation as a pillar of truth, honesty, justice, and good repute within his community – and he fought for whatsoever things would come from that virtuous pursuit; he taught thousands of others to do the same.

46.    As a direct and proximate result of the Defendants' malicious, outrageous, intentional and otherwise reckless conduct, the Plaintiff has suffered immeasurable harm to his personal and professional reputation and name, and significant embarrassment, humiliation, emotional turmoil, distress, and physical manifestations thereof, which will continue into the foreseeable future, and which damages are well in excess of the jurisdictional requisite.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

8

## V. THEORIES OF LIABILITY AND CAUSES OF ACTION

### COUNT ONE
### PLAINTIFF v. THE GARABEDIAN DEFENDANTS
#### DEFAMATION

47.    Plaintiff incorporates the above paragraphs by reference.

48.    The Garabedian Defendants' statements and letters were publications concerning Plaintiff.

49.    The Garabedian Defendants fully anticipated, knew, or should have known that the contents of their letter would foreseeably be distributed to other individuals within the school community, more than simply the headmaster to whom it was addressed, which did in fact occur.

50.    The Garabedian Defendants fully anticipated this letter would be distributed to the School's governing bodies, including the Board of Trustees (comprised of school alumni and parents of alumni), faculty oversight groups, and human resources, which did in fact occur.

51.    The Garabedian Defendants knew or should have known that the contents of their letter would foreseeably follow the Plaintiff everywhere, to any other academic community, and that Plaintiff would have to disclose the content of those letters in countless scenarios, ensuring emotional harm through the remainder of his life.

52.    The Defendants' statement, contained in the April 11, 2018 letter, that Defendant Poulos "was repeatedly sexually molested by [Plaintiff Doe]" is false and defamatory.

53.    Any statement or implication that Plaintiff Doe caused harm to Defendant Poulos is false and defamatory including, without limitation:

    a) ¶ 3, in its entirety, of the April, 2018 letter attached as Exhibit "A;" and

9

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

b) ¶ 6, in its entirety, of the December, 2018 letter attached as Exhibit "B."

54. Any inference, innuendo, or implication that Plaintiff Doe had _any_ contact with Defendant Poulos that was inappropriate or sexual in nature, at any time, is also completely false and defamatory _per se_.

55. Each and every statement published by the Defendants pertaining to or describing inappropriate or sexual conduct by Plaintiff Doe, in either the April 11 or December 26, 2018 publications, is false and defamatory _per se_.

56. The Garabedian Defendants' statements, identified above and attached hereto, are defamatory _per se_ where there could be no greater charge levied against an educator who has dedicated his life to his school and his students' well-being.

57. The Garabedian Defendants advertise themselves as nationally recognized advocates for victims of child abuse and are readily aware of the Statute of Limitations and _prima facie_ elements of intentional torts and vicarious liability.

58. The Garabedian Defendants never actually intended to file a suit; they _knew_ any suit was unsustainable, meritless, and fatally deficient under the law both substantively and procedurally.

59. The Garabedian Defendants knew Poulos had never before reported or claimed, to the School or anyone else, any sexual or otherwise improper conduct by Plaintiff.

60. The Garabedian Defendants knew the School had never received a complaint against Plaintiff Doe by Poulos or anyone else.

61. The Garabedian Defendants knew there was no concealment or cover-up of any prior complaints or claims against Plaintiff Doe.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

10

**SECOND AMENDED COMPLAINT**
_DOE V. GARABEDIAN, ET AL._

62.     The Garabedian Defendants knew there was no confidential relationship between Poulos and the School or Plaintiff Doe.

63.     Nowhere in either the April or the December, 2018 letters do the Garabedian Defendants assert (1) any prior complaint to the School; (2) any mishandling of a past claim; (3) any intentional concealment of a claim; (4) any false statement; or (5) any fact whatsoever that would give rise to a *prima facie* case against the School.

64.     The Garabedian Defendants never intended "to settle" any potential claim for fraud or fraudulent concealment. If he had, he would have asserted such facts in his letters for the School to actually consider the potential merits – albeit none existed.

65.     The Garabedian Defendants never intended to file any suit.

66.     The Garabedian Defendants had an improper motive for their publications, which were motivated by malice to leverage the fear of the statements being published for a quick extortionate payout.

67.     The Defendants published the statements without reasonable cause before doing any preliminary investigation – even so much as reviewing Polous' easily accessible school records and in the other respects as averred above – and rather deliberately chose to turn a blind eye to the truth.

68.     In fact, even a minimal investigation would have confirmed the falsity of their malicious statements.

69.     Additionally, the Garabedian Defendants knew of Poulos' criminal background, which included numerous fraudulent schemes and past victims in multiple jurisdictions.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

11

**SECOND AMENDED COMPLAINT**
*DOE V. GARABEDIAN, ET AL.*

70.     As a direct and proximate result of the Garabedian Defendants' malicious, outrageous, intentional and otherwise reckless conduct and publications, Plaintiff has suffered the harm previously set forth herein, which will continue into the future.

**WHEREFORE**, Plaintiff hereby demands damages from the Garabedian Defendants in an amount significantly in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, punitive damages, and such other relief as this Honorable Court deems just and appropriate.

## COUNT TWO
## PLAINTIFF v. THE GARABEDIAN DEFENDANTS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71.     Plaintiff incorporates the above paragraphs by reference.

72.     The Garabedian Defendants' conduct and motives were outrageous, malicious, beyond all possible bounds of decency, and intolerable in a civilized community – especially that of the legal profession in this or any Commonwealth or State.[5]

73.     The Garabedian Defendants' conduct was intended to cause and/or otherwise recklessly caused Plaintiff to suffer the severe emotional distress that he has in fact suffered.

74.     The Garabedian Defendants knew that any claim against Plaintiff was false, meritless, and woefully deficient but still sought to inflict in Plaintiff the fear and emotional distress of being accused of such conduct in a public filing.

---

[5]  Plaintiff incorporates his Certificates of Merit (Dkt. No. 5, 6) as if fully set forth at length herein. Plaintiff attaches this standard language certificate to pre-empt any such defense that one would be required to plead a claim against an attorney. Plaintiff's claim of intentional infliction of emotional distress is *not* based on any advice Defendant Garabedian gave Defendant Poulos, in good faith, but rather Garabedian's *intent* to harm Plaintiff directly.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

12

SECOND AMENDED COMPLAINT
*DOE V. GARABEDIAN, ET AL.*

75.     The Garabedian Defendants sought to leverage the severe emotional distress of Plaintiff (which they intended to inflict) in order to extortionately strip a quick contingency fee from a false and patently frivolous "claim" that was most egregious in nature.

76.     As a direct and proximate result of the Garabedian Defendants' outrageous, atrocious and utterly intolerable conduct, Plaintiff has and will continue to suffer those damages previously set forth as well as severe emotional distress, which has physical manifestations including, but not limited to, nausea, stomach sickness, nightmares, lethargy, and which foreseeably requires medical care.

77.     The Garabedian Defendants knew that the contents of their letter would follow the Plaintiff everywhere, to any other academic community, and that Plaintiff would have to disclose the content of those letters in countless scenarios, exacerbating his emotional distress into the future.

**WHEREFORE**, Plaintiff hereby demands damages from the Garabedian Defendants in an amount significantly in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, punitive damages, and such other relief as this Honorable Court deems just and appropriate.

### COUNT THREE
### PLAINTIFF v. KURTIS N. POULOS
### DEFAMATION

78.     Plaintiff incorporates the above paragraphs by reference.

79.     Defendant Poulos' statements of and concerning Plaintiff, are entirely, wholly, and completely false.

80.     Defendant Poulos' statement, contained in the April 11, 2018 letter, that he "was repeatedly sexually molested by [Plaintiff Doe]" is false and defamatory.

13

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**SECOND AMENDED COMPLAINT**
*DOE V. GARABEDIAN, ET AL.*

81.     Any statement, inference, innuendo, or implication that Plaintiff Doe had any contact with Defendant Poulos that was inappropriate or sexual in nature, is also completely false and defamatory *per se*.

82.     Each and every statement published by the Defendants pertaining to or describing inappropriate or sexual conduct by Plaintiff Doe, in either the April 11 or December 26, 2018 publications attached hereto, is false and defamatory *per se*.

83.     Any statement or implication that Plaintiff Doe caused harm to Defendant Poulos is false and defamatory including, without limitation:

   a) ¶ 3, in its entirety, of the April, 2018 letter attached as Exhibit "A;" and

   b) ¶ 6, in its entirety, of the December, 2018 letter attached as Exhibit "B."

84.     Defendant Poulos' statements, identified above and attached hereto, are defamatory *per se* where there could be no greater charge levied against an educator who has dedicated his life to his school and his students' well-being.

85.     Defendant Poulos knew his statements of and concerning Plaintiff were false and that any suit was unsustainable, meritless, and fatally deficient under the law.

86.     Defendant Poulos knew he had never before reported, to the School or anyone else, any sexual or otherwise improper conduct by Plaintiff.

87.     Defendant Poulos knew his former School had never received any complaint against Plaintiff Doe for improper conduct with a student.

88.     Defendant Poulos knew there was no concealment or cover-up of any prior complaint or claim against Plaintiff Doe.

89.     Defendant Poulos knew that any claim that he was harmed by Plaintiff was false.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

14

SECOND AMENDED COMPLAINT
*DOE V. GARABEDIAN, ET AL.*

90.    Defendant Poulos knew or should have known that the contents of the letters sent on his behalf would foreseeably follow Plaintiff everywhere, to any other academic community, and that Plaintiff would be forced to disclose the content of those letters in countless scenarios, exacerbating his emotional damages into the future.

91.    Defendant Poulos intended for his statements to be disseminated to Plaintiff's School community, which did then occur.

92.    Defendant Poulos had an improper motive for his false statements levied against Plaintiff, which were motivated by malice to leverage a quick extortionate payout.

93.    As a direct and proximate result of Defendant Poulos' malicious, outrageous, intentional and otherwise reckless conduct and publications, Plaintiff has suffered the harm previously set forth herein, which will continue into the future.

**WHEREFORE**, Plaintiff hereby demands damages from Defendant Poulos in an amount in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, punitive damages, and such other relief as this Honorable Court deems just and appropriate.

### COUNT FOUR
### PLAINTIFF v. KURTIS N. POULOS
#### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94.    Plaintiff incorporates the above paragraphs by reference.

95.    Defendant Poulos used his prior experience in fraud and intentional emotional harm – readily apparent from his criminal records in several states (also disregarded by the Garabedian Defendants) – to concoct a scheme to unlawfully obtain financial gain under the guise of a victim of sexual abuse; truly repulsive.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

15

SECOND AMENDED COMPLAINT
*DOE V. GARABEDIAN, ET AL.*

96.   Defendant Poulos' conduct and motives were outrageous, malicious, beyond all possible bounds of decency, and intolerable in a civilized community.

97.   Defendant Poulos intended to cause and/or otherwise recklessly caused Plaintiff to suffer the severe emotional distress that he has in fact suffered.

98.   Defendant Poulos knew any claim against Plaintiff was false, meritless, and woefully deficient but still sought to inflict in Plaintiff the fear and emotional distress of being accused of such conduct in a public filing.

99.   Defendant Poulos sought to leverage the severe emotional distress of Plaintiff (which he intended to inflict) – and the potential PR nightmare from his most respected School – in order to extortionately obtain financial gain from a false and patently frivolous claim that was most egregious in nature.

100.   As a direct and proximate result of Defendant Poulos' outrageous, atrocious and utterly intolerable conduct, Plaintiff has and will continue to suffer those damages previously set forth as well as severe emotional distress, which has physical manifestations including, but not limited to, nausea, stomach sickness, nightmares, lethargy, and which foreseeably requires medical care.

**WHEREFORE,** Plaintiff hereby demands damages from Defendant Poulos in an amount significantly in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, punitive damages, and such other relief as this Honorable Court deems just and appropriate.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

16

SECOND AMENDED COMPLAINT
*DOE V. GARABEDIAN, ET AL.*

## NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

THE BEASLEY FIRM, LLC

BY: _____
JAMES E. BEASLEY, JR., ESQ.
LANE R. JUBB, JR., ESQ.
LOUIS F. TUMOLO, ESQ.
1125 Walnut Street
Philadelphia, Pa 19107
215.592.1000
215.592.8360 (fax)
*Attorneys for Plaintiff*

Date: 20 June 2019

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

17

SECOND AMENDED COMPLAINT
*DOE V. GARABEDIAN, ET AL.*

# EXHIBIT "A"

<div align="center">

**LAW OFFICES**
**OF**
**MITCHELL GARABEDIAN**

</div>

MITCHELL GARABEDIAN
WILLIAM H. GORDON
NATHAN A. GAUL
SALVATORE M. CIULLA
DANIEL R. MAHONEY
LEAH BRADY
MIRRA L. CAMPBELL

100 STATE STREET, 6TH FLOOR
BOSTON, MASSACHUSETTS 02109
———
(617) 523-6250
FAX (617) 523-3607

April 11, 2018

Headmaster
█████ School

Pottstown, PA 19464

Re:   Sexual Abuse Claim of Kurtis Nicholas Poulos

Dear Mr. █████

Please be informed that this office represents Kurtis Nicholas Poulos. This letter is an attempt to settle and compromise claims involving █████████ (hereinafter "█████████") and █████████'s supervisors at █████ School. It should not be used as evidence in any court hearing.

Kurtis Nicholas Poulos., currently 39 years of age, was repeatedly sexually molested by █████████ from approximately 1993 when he was approximately 15 years of age years of age until approximately 1995 when he was approximately 17 years of age. During relevant times, █████████ was assigned to or affiliated with █████ School in Pottstown, Pennsylvania while Mr. Poulos was enrolled and attended school at █████ School.

As a result of being sexually molested by █████████, Mr. Poulos's injuries include, but are not limited to, depression; sadness; crying; anxiety; emotional pain; sleep problems; concentration problems; low self-esteem; low self-respect; low self-confidence; apathy, finding himself not caring about things; not caring about his grades or his future while he attended █████ School; turned to drugs and alcohol to cope with the emotional pain; self- sabotaging the good things in his life; flashbacks and reminders; feeling broken and unfixable; sexuality problems such as being oversexed at times; problems with being touched; self-harm; feeling alone and isolated; feeling ostracized while he was at school; shame; embarrassment; guilt; self-blame; trust problems; intimacy problems; losing a dangerous amount of weight while at █████ School

LAW OFFICES
OF
MITCHELL GARABEDIAN

██████████

April 11, 2018
Page 2 of 2

because he did not feel like eating; suicidal ideation; creation of an emotional void in him; anger; confusion; feeling that ██████████ ruined a part of his life; feeling that █ ██████████ sent him down the wrong road in life; and feeling that ██████████ stole his childhood innocence.

The aforementioned brief description is in no way meant to be exhaustive in its detail, but is only meant to briefly touch the surface of the relevant facts. The case is subject to substantive changes at any given time given the sensitive nature of the case.

Mr. Poulos's demand for settlement is $1,000,000.00.

I await your response.

Thank you.

Very truly yours,

*MG*

Mitchell Garabedian

# EXHIBIT "B"

<div align="center">

LAW OFFICES
OF
MITCHELL GARABEDIAN

</div>

MITCHELL GARABEDIAN
WILLIAM H. GORDON
NATHAN A. GAUL
SALVATORE M. CIULLA
DANIEL R. MAHONEY
MIRRA L. CAMPBELL

100 STATE STREET, 6TH FLOOR
BOSTON, MASSACHUSETTS 02109

(617) 523-6250
FAX (617) 523-3687

<div align="center">

December 26, 2018

</div>

VIA FAX (████████████)
AND FIRST CLASS MAIL

████████████████

Norristown, PA 19404

Re:   Sexual Abuse Claim of Kurtis Nicholas Poulos

Dear ████████

As you know, this office represents Kurtis Nicholas Poulos with regard to his sexual abuse claim involving ████████████ and ████████████ supervisors at ████ School.

During our telephone conversation regarding this matter on December 21, 2018, you requested additional information about Mr. Poulos's sexual abuse claim. Pursuant to your request, and in further support of Mr. Poulos's claim, Mr. Poulos provides the following information:

Kurtis Nicholas Poulos (DOB 10/10/1978) met ████████ during Mr. Poulos's freshman year at ████████ School in approximately 1993 or approximately 1994 when Mr. Poulos was approximately 14 or approximately 15 years old. ████████ served as a table master in the dining hall and Mr. Poulos had a rotation at ████████'s table during Mr. Poulos's freshman year. Mr. Poulos recalls that ████████ was a mathematics teacher and a cross country coach at ████ School. Mr. Poulos recalls that ████████ lived in a dormitory of ████ School with ████████'s family. Mr. Poulos does not recall that anything inappropriate happened with ████████ during Mr. Poulos's freshman year at ████ School.

████████ was Mr. Poulos's geometry teacher during Mr. Poulos's sophomore year at ████ School in approximately 1994 and approximately 1995 when Mr. Poulos was approximately 15 and approximately 16 years old. Mr. Poulos recalls that classes were held on a rotating schedule at ████ School, so that classes met at different times of day. On certain days when Mr. Poulos had geometry as the last class of the day, ███. ████████ made Mr. Poulos stay behind in ████████'s classroom. ████████ and Mr.

Dec 26 2018 04:51PM   Mitchell Garabedian  Law   6175233687                    page 3

LAW OFFICES
OF
MITCHELL GARABEDIAN

December 26, 2018
Page 2 of 2

Poulos were alone in the classroom after school on these occasions. Mr. Poulos recalls that the geometry classroom was located at the end of a hallway. During the course of Mr. Poulos's sophomore year, ███████ sexually abused Mr. Poulos in ███████'s geometry classroom between approximately 10 and approximately 15 times. The sexual abuse consisted of, among other things, ███████ fondling Mr. Poulos's penis and testicles, skin on skin; ███████ making Mr. Poulos fondle ███████ penis and testicles, skin on skin; ███████ putting his mouth on ███████'s penis; and ███████ making Mr. Poulos put his mouth on ███████'s penis.

The sexual abuse by ███████ ended with Mr. Poulos's sophomore year at ███████ School. Mr. Poulos transferred to Marquette University High School, Milwaukee, Wisconsin for his junior year of high school. Mr. Poulos returned to ███████ School for his senior year, approximately 1996 to approximately 1997. Mr. Poulos had limited contact with ███████ during Mr. Poulos's senior year, although Mr. Poulos recalls that he and ███████ lived in the same dormitory during that year. Mr. Poulos does not recall any sexual abuse during Mr. Poulos's senior year at ███████ School. Mr. Poulos does not recall having any contact with ███████ after Mr. Poulos graduated from ███████ School in approximately 1997 when Mr. Poulos was approximately 18 years old.

As I have previously advised you, Mr. Poulos has suffered numerous injuries as a result of the sexual abuse by ███████, including, but not limited to, problems with depression; sadness; crying; anxiety; emotional pain; sleep; concentration; low self-esteem; low self-respect; low self-confidence; apathy; not caring about things in his life; self-medicating with alcohol and drugs; sabotaging himself; flashbacks and reminders of the sexual abuse; feeling broken and unfixable; sexuality; being touched; self-harm; feeling alone and isolated; feeling ostracized at ███████ School; shame; embarrassment; guilt; self-blame; trust; intimacy; losing weight while at ███████ School; suicidal ideation; feeling an emotional void; anger; confusion; feeling like ███████ ruined a part of his life; feeling like ███████ sent him down the wrong road in life; and feeling like ███████ stole his childhood innocence.

Please advise me as to your client's position with regard to this matter.

Thank you.

Very truly yours,

Mitchell Garabedian