# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, <br>            Plaintiff, <br><br> v. <br><br> MITCHELL GARABEDIAN, ESQUIRE, <br> MITCHELL GARABEDIAN, ESQUIRE, <br> doing business as "LAW OFFICES OF <br> MITCHELL GARABEDIAN," and <br> KURTIS N. POULOS, <br>            Defendants. | CIVIL ACTION <br><br><br><br> NO. 19-1539 |

DuBois, J.                                                                                                                                                                                                                                                                                                                                                                     March 12, 2020

## **M E M O R A N D U M**

### I. INTRODUCTION

This is an action for defamation and intentional infliction of emotional distress, arising out of allegations that plaintiff, John Doe, sexually abused defendant, Kurtis Poulos, when Poulos was plaintiff's student twenty-five years ago. Defendants Mitchell Garabedian, Esq., and Mitchell Garabedian, Esq. d/b/a Law Offices of Mitchell Garabedian ("Garabedian defendants"), represented Poulos at that time. During his representation of Poulos, on April 11, 2018, Garabedian sent a settlement demand letter to the headmaster at plaintiff's employer, Poulos's former school, describing Poulos's allegations of sexual abuse by plaintiff and demanding $1 million to settle the claim. On December 26, 2018, the Garabedian defendants sent a letter to the school's attorney in which they further described Poulos's allegations of sexual abuse in response to a request for additional information from the attorney.

Presently before the Court is Plaintiff's Motion for Reconsideration of this Court's 2 October 2019 Order (ECF #39), or, Alternatively, for Amendment of Said Order to Redenominate it Final and Appealable. In that Memorandum and Order, this Court ruled that

the absolute privilege of judicial immunity applied to the statements made by the Garabedian defendants in the two letters. *Doe v. Garabedian*, No. CV 19-1539, 2019 WL 4885969, at *1 (E.D. Pa. Oct. 2, 2019), Document Nos. 38, 39 [hereinafter, "October 2, 2019 Memorandum and Order"]. In his Motion, plaintiff seeks reconsideration of the Court's ruling in the October 2, 2019 Memorandum and Order that the statements made by the Garabedian defendants in the April 11, 2018 letter and the December 26, 2018 letter were subject to the judicial immunity privilege and were therefore absolutely privileged.

## II. BACKGROUND[1]

On April 11, 2018, the Garabedian defendants sent a settlement demand letter to the headmaster at plaintiff's employer, Poulos's former boarding school, that stated in relevant part:

> Please be informed that this office represented Kurits Nicholas Poulos. This letter is an attempt to settle and compromise claims. . . . Kurtis Nicholas Poulos . . . was repeatedly sexually molested by [plaintiff] from approximately 1993 . . . until approximately 1995. . . . Mr. Poulos's demand for settlement is $1,000,000.00. I await your response.

Second Am. Compl. Ex. A. In response to the April 11, 2018 letter, the school hired a law firm to investigate the claims. Second Am. Compl. ¶ 21. The school's law firm responded to the Garabedian defendants, seeking additional information about Poulos's claim. *Id.* ¶ 22.

On December 26, 2018, the Garabedian defendants sent a letter to the school's attorney, providing more details of Poulos's claim, in response to her request. Second Am. Compl. Ex. B. The second letter stated, among other things, that "[d]uring the course of Mr. Poulos's sophomore year, [plaintiff] sexually abused Mr. Poulos in [plaintiff]'s geometry classroom between approximately 10 and 15 times." *Id.* Following the second letter, the school and the

---

[1] The facts are drawn from this Court's October 2, 2019 Memorandum and Order, dismissing plaintiff's Second Amended Complaint. *Doe*, 2019 WL 4885969, at *1-2. The Court repeats only those facts necessary to explain its ruling.

law firm it retained attempted to contact the Garabedian defendants, to no avail. *Id.* ¶ 27-28. Finally, the school sent the Garabedian defendants a final notice, warning them that if they did not contact the school or the law firm it retained by March 1, 2019, the school would assume that the Garabedian defendants did not intend to pursue Poulos's claim. *Id.* ¶ 29. The Garabedian defendants failed to respond. *Id.* ¶ 30. The Second Amended Complaint avers that the Garabedian defendants never intended to file a lawsuit against the school. Second Am. Compl. ¶¶ 58, 65.

On June 20, 2019, plaintiff filed the Second Amended Complaint asserting that the Garabedian defendants and Poulos defamed him in the two letters (Counts I & III) and that the Garabedian defendants and Poulos's intentional acts caused him emotional distress (Counts II & IV). *Pro se* defendant Poulos filed an Answer to the Second Amended Complaint on July 3, 2019. The Garabedian defendants filed a Motion to Dismiss the Second Amended Complaint on July 5, 2019.

By Memorandum and Order dated October 2, 2019, the Court ruled that the absolute privilege of judicial immunity applied to the statements made by the Garabedian defendants in the April 11, 2018 letter and the December 26, 2018 letter because "[b]oth communications [sent by the Garabedian defendants] were pertinent and material to the contemplated proceeding—a suit against the school for plaintiff's alleged misconduct—and both communications were sent in the regular course of preparing for a contemplated legal proceeding." *Doe*, 2019 WL 4885969, at *6. The Court dismissed plaintiff's defamation claim against the Garabedian defendants (Count I) without prejudice. With respect to the intentional infliction of emotional distress ("IIED") claim, the Court ruled that the statements made by the Garabedian defendants in the two letters was "not so extreme or outrageous as to go beyond all possible bounds of human

decency," and dismissed plaintiff's IIED claim against the Garabedian defendants (Count II) with prejudice. *Id.* at 7.

On October 10, 2019, plaintiff filed a motion for reconsideration of the Court's ruling with respect to the defamation claim in Count I of the Second Amended Complaint (Document No. 40). Plaintiff did not move the Court to reconsider its ruling with respect to the IIED claim in Count II of the Second Amended Complaint. Defendants responded on October 24, 2019 (Document No. 41). Plaintiff filed a reply on November 4, 2019 (Document No. 42). The Motion is thus ripe for decision.

### III. LEGAL STANDARD

Only three situations warrant granting reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The moving party has the burden of establishing one of these grounds. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The grant or denial of reconsideration lies within the discretion of the district court. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

The scope of a motion for reconsideration is "extremely limited" and should not be used to relitigate the case. *Blystone*, 664 F.3d at 415. A motion for reconsideration "addresses only factual and legal matters that the Court might have overlooked." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation omitted). "It is improper on a motion for reconsideration to ask the Court to rethink what it already thought through—rightly or wrongly." *Id.* (citation omitted).

## IV. DISCUSSION

In his Motion, plaintiff argues that this Court made a clear error of law and fact when it concluded that the statements made by the Garabedian defendants in the April 2018 letter and the December 2018 letter were subject to the judicial immunity privilege. *Doe*, 2019 WL 4885969, at *6. In his motion for reconsideration, plaintiff asserts that "the Second Amended Complaint avers clearly and repeatedly, [that] the Garabedian Defendants never intended or contemplated . . . any 'proceedings'" in this case. Mot. Recons. at 2. Thus, plaintiff argues, the judicial immunity privilege is inapplicable at this stage of the proceedings. The Court agrees.

Under Pennsylvania law, "statements made by judges, attorneys, witnesses and parties in the course of or pertinent to any stage of judicial proceedings are absolutely privileged and, therefore, cannot form the basis for liability for defamation." *Pawlowski v. Smorto*, 588 A.2d 36, 41 (Pa. Super. Ct. 1991). The judicial immunity privilege applies to "'communications made prior to the institution of proceedings' if such communications were 'pertinent and material' and 'had been issued in the regular course of preparing for contemplated proceedings.'" *Greenberg v. McGraw*, 161 A.3d 976, 982 (Pa. Super. Ct. 2017) (quoting *Post v. Mendel*, 507 A.2d 351, 356 (Pa. 1986)); *see also Smith v. Griffiths*, 476 A.2d 22, 25 (Pa. Super. Ct. 1984) ("[T]he [judicial immunity] privilege extends to and includes preliminary demands, as well as informal conferences and negotiations conducted after litigation has been commenced or when litigation is seriously contemplated."). Thus, statements made prior to the commencement of judicial proceedings are privileged if the declarant intends "to initiate judicial or quasi-judicial proceedings. Where a declarant has no intention of initiating proceedings or otherwise obtaining a remedy" the judicial immunity privilege does not apply. *Schanne v. Addis*, 121 A.3d 942, 949 (Pa. 2015) ("[W]e hold that the judicial privilege does not apply to an allegation made by an

5

adult before commencement of any quasi-judicial proceeding and without an intent that it lead to a quasi-judicial proceeding.").

In this case, the Second Amended Complaint avers that "[t]he Garabedian Defendants never actually intended to file a suit." Second Am. Compl. ¶ 58; *see also* Second Am Compl. ¶ 65 ("The Garabedian Defendants never intended to file any suit."). The Court was required to accept this factual allegation as true when ruling on defendants' motion to dismiss plaintiff's Second Amended Complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court now concludes that there is a factual dispute as to the application of the judicial immunity privilege to the statements made by the Garabedian defendants in the two letters because, according to the Second Amended Complaint, the statements were not made "in the regular course of preparing for contemplated proceedings." *Greenberg*, 161 A.3d at 982. Accordingly, the Court grants the motion for reconsideration and vacates that part of the Order dated October 2, 2019 in which Count I of the Second Amended Complaint was dismissed.

## V. CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is granted with respect to whether, as stated in this Court's Memorandum and Order dated October 2, 2019, the judicial immunity privilege applies to the statements made by the Garabedian defendants in the April 11, 2018 and December 26, 2018 letters at this stage of the proceedings and requires dismissal of Count I of the Second Amended Complaint. The Court now concludes that there is a factual dispute as to the application of the judicial immunity privilege. Accordingly, the dismissal of Count I of the Second Amended Complaint is vacated and that count is reinstated. This determination is without prejudice to defendants' right to raise the judicial immunity privilege as a defense at a later stage of the proceedings. The Court's remaining rulings in the Memorandum

and Order dated October 2, 2019 are unaffected by this Memorandum and Order.

    An appropriate order follows.