IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN DOE** : | **CIVIL ACTION** |
| : | |
| **v.** : | **NO. 19-1539** |
| : | |
| **MITCHELL GARABEDIAN, ESQ.,** *et al.* : | |

# ORDER

**AND NOW**, this 15th day of September 2021, following today's telephone status conference with all parties, it is **ORDERED** the June 9, 2021 Scheduling Order (ECF Doc. No. 123) is **VACATED** as to prospective obligations, the parties are attached for a five-day jury trial beginning **January 10, 2022** and shall proceed consistent with Fed.R.Civ.P. 1 to resolve this dispute:

1. Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery found at www.paed.uscourts.gov including the obligation to move for relief under Fed. R. Civ. P. 7 and not write letters to the Court not permitted by our Policies

2. The parties shall **show cause** in a Memorandum not exceeding ten pages filed on or before **September 24, 2021** as to why we should not: (a) lift the seal on docket numbers 81, 82, 94, and 103 under *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019); and (b) substitute the name of the John Doe Plaintiff and require the parties identify the school to the extent necessary moving forward.[1]

---

[1] Using pseudonyms is "disfavored." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) ("A plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings" (internal quotation omitted)). To proceed pseudonymously, the John Doe must show "(1) fear of

3. All fact discovery shall be completed by **October 13, 2021** [2] and we expect written discovery to be promptly completed and deposition discovery should be, to the extent necessary, done through a video-sharing service, including allowing a Court Reporter to also participate by video-sharing arranged by the party noticing the deposition.

4. We **DISMISS** Mr. Poulos's crossclaim consistent with his request (ECF Doc. No. 112) and with all parties' consent.

5. We **strike** Affirmative Defense Nos. 6, 7 (ECF Doc. No. 56) without prejudice.[3]

---

severe harm and (2) that the fear of severe harm is reasonable." *Meglass*, 654 F.3d at 408. We should weigh the following factors: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *3 (D.N.J. Aug. 7, 2018) (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)). "Courts have varied when addressing alleged perpetrators of sexual assault." *Doe*, 2018 WL 3756950, at *6 (collecting cases, some redacting the accused's name; others not); *see also id.* at *7 (refusing to allow plaintiff accused of sexual assault to proceed through a pseudonym).

[2] The parties may agree to extend this *discovery* deadline *without extending any other deadline* without seeking leave of the Court.

[3] Federal Rule of Civil Procedure 11 requires defenses based on plead facts known to the defendant at time of filing and law applicable to the plead facts. *See MHC Investment Co. v. Racom Corp.*, 323 F.3d 620 (8th Cir.2003) (affirming imposition of sanctions against defendant for raising affirmative defenses lacking factual or legal basis); *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *5 (D.N.J. Mar. 10, 2011). When pleading an affirmative defense, the defendant has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing," to ensure the defense is not frivolous, legally unreasonable, and without factual foundation. *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 616 (3d Cir. 1991). Affirmative defenses may be frivolous when they are highly repetitive, inapplicable, and duplicative. As Judge Wolson recently reminded us, asserting affirmative defenses prophylactically or "to the extent discovery or investigation may reveal" or because these defenses may apply in similar type cases, may violate Rule 11 and warrant sanctions. *Greenspan v. Platinum*

6. No later than **November 19, 2021**, all parties seeking relief of any sort shall serve a detailed written demand upon all parties claimed to be responsible for any claim of relief. All responding parties shall provide a detailed written response on or before **November 30, 2021**.

7. We **VACATE** the June 9, 2021 referral to Judge Hey. **This matter is referred to Magistrate Judge Heffley for all settlement purposes.** Plaintiff's Counsel will immediately contact Magistrate Judge Heffley to schedule an initial settlement conference to occur on or before **December 3, 2021**. Counsel will timely advise Magistrate Judge Heffley if there is no chance of settlement before the conference.

8. The parties identified the testimonial experts retained to date. Each party shall serve every other party the retained expert's curriculum vitae no later than **September 22, 2021** and all information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory no later than **October 13, 2021**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party no later than **November 3, 2021**. Expert depositions, if any, shall be concluded no later than **November 9, 2021**.

9. Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert

---

*Healthcare Group, LLC*, No. 20-5874, 2021 WL 978899, *2-3 (E.D.Pa. March 16, 2021). An affirmative defense must also "provide a factual background to support any of the affirmative defenses asserted," and the law must be "evidently applicable to the claims asserted by Plaintiff." *See Innovative Sports Mgmt., Inc. v. Neto*, No. 13-1497, 2013 WL 5935982 (D.N.J. Nov. 1, 2013). We recognize counsel may be under time pressure or an unfounded concern to plead inapplicable defenses fearing waiver, but she should not do so and given the alternative, "the answer is never file an answer — or any other pleading—without a factual basis." *Greenspan,* 2021 WL 978899, *3.

witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance and the basis for each opinion.

10. Summary judgment and *Daubert* motions, if any, shall be filed no later than **November 15, 2021**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **November 29, 2021**. Motions for summary judgment and responses shall fully comply with this Court's Policies, including:

(a) A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material <u>facts</u> that the moving party contends are undisputed and entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

(b) Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c) Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

(d) Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

(e) Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix.

(f) Parties shall provide Chambers with one (1) paper courtesy copy of all filed summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

(g) Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial. Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

11. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

12. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner

defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

13.     No later than **December 20, 2021**, each party shall exchange (by email to each other) a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

14.     No later than **December 21, 2021**, each party shall file a pretrial memorandum compliant with our Policies and, mindful of possible COVID-19 mitigation effects upon this trial, describe the parties' positions as to a non-jury disposition in the courtroom or by video sharing technology with all exhibits and deposition designations filed consistent with this Order.

15.     No later than **December 22, 2021**, each party shall file proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories, with an electronic copy e-mailed in Word format to Chambers_of_Judge_Kearney@paed.uscourts.gov.

16.     All motions affecting trial presentations (e.g., *in limine*), proposed *voir dire* peculiar to your case, objections to proposed jury instructions, list of contested exhibits and deposition designations (providing the exhibits and highlighted designations to Chambers) shall be filed on or before **December 28, 2021**.  Responses, including highlighted counter-designations and objections, if any, shall be filed on or before **January 4, 2022**.

17.     A final pretrial conference will be held telephonically on **January 7, 2022** at **8:45 A.M.**: (Dial-in Number: 888-278-0296; Access Code: 5723096#).

18.     Counsel is attached for jury selection followed by a five-day trial beginning on **January 10, 2022** at **9:00 A.M.** in Courtroom 6-B.

_____
**KEARNEY, J.**