IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW RALSTON, | : | |
|                     Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| MITCHELL GARABEDIAN, ESQUIRE, et al, | : | |
| | : | NO. 2:19-cv-01539 |
|                     Defendants. | : | |

**Motion for Summary Judgment by Defendants, Mitchell Garabedian and Mitchell Garabedian, Esquire d/b/a Law Offices of Mitchell Garabedian**

Defendants, Mitchell Garabedian and Mitchell Garabedian, Esquire d/b/a Law Offices of Mitchell Garabedian (collectively "Garabedian"), move for summary judgment on count I of plaintiff's second amended complaint for defamation. Plaintiff's remaining claim against Garabedian arises from April 11, 2018 and December 26, 2018 letters written to The Hill School by Garabedian, on behalf of his client, defendant, Kurtis Poulos, to report sexual abuse of Poulos by plaintiff while Poulos was a student at The Hill School in the late 1990's. The two letters at issue were written by Garabedian in his capacity as Poulos' lawyer to The Hill School to report sexual abuse by Ralston of Poulos when Poulos was a student at The Hill School and to demand monetary relief from The Hill School for Poulos' injuries. *See, e.g.*, SOF ¶¶ 48-60, 97-102, 116-124, 127-129, 217-220, 224-225.

The first letter (April 11, 2018) was sent in response to The Hill School's public disclosure of "Historical Allegations of Sexual Abuse at The Hill" and solicitation of additional reports of abuse. SOF ¶¶ 25-47, 51-57. The second letter (December 26, 2018) was sent at the request of The Hill School's lawyer for additional information about the sexual abuse survived by Poulos in follow-up to the first letter. SOF ¶¶ 183-184, 205-207, 210, 217-220. The letters

were addressed to the specific recipients identified by The Hill School to make the initial report (Headmaster) and to provide additional requested information (the school's lawyer) and to no one else. SOF ¶¶ 34, 116, 183-184, 217.

The letters were sent by Garabedian while in the service of a client, Poulos. SOF ¶¶ 51-55, 59-60, 97-102, 116-121, 124, 127-129, 217-220, 224-225. Poulos intended to instigate an investigation of plaintiff, sought a remedy from The Hill School and was also contemplating filing a lawsuit when the statute of limitations was adjusted in Pennsylvania. SOF ¶¶ 48-60, 105-109, 124, 127-128. Poulos confirmed he provided the factual information included in the letters to Garabedian and the truth of the factual information and allegations of sexual abuse during this proceeding, at length. SOF ¶¶ 124-125, 221-224. Similarly, plaintiff confirmed all of the factual information in the letters was true, except that plaintiff denied the allegations of sexual abuse. SOF ¶¶ 149-151, 236-246. There is no evidence of malice or personal interest of Garabedian.

The Hill School shared the letters with its lawyers, a discrete number of school officials and plaintiff. SOF ¶¶ 134-135, 230-231. Plaintiff then told everyone he knew about the letters and publicly identified Poulos as a sexual abuse survivor without Poulos' consent. *See, e.g.*, SOF ¶¶ 159-162, 166-182, 257, 307, 314. The Hill School performed no meaningful investigation, took no adverse employment action against plaintiff in response to the letters and even gave plaintiff a substantial raise and bonus after receipt of the first letter and another raise after the second letter. SOF ¶¶ 189-197, 259-270, 272-277, 295.

Even though plaintiff believed The Hill School "was just letting the letters go away", plaintiff filed this lawsuit. SOF ¶¶ 287, 293-295. The Hill School first placed plaintiff on paid leave and then terminated plaintiff because plaintiff filed this lawsuit against an alumnus, despite

being notified by The Hill School that a lawsuit against an alumnus would result in adverse employment action. SOF ¶¶ 298-305, 287-291, 314, 318-319. Plaintiff's own lawyer acknowledged in a writing to The Hill School that the decision to "place [plaintiff] on paid leave and, ultimately, force his departure, is in response to his decision to file a lawsuit against Kurtis Poulos" and The Hill School "kept [plaintiff] on the road generating gifts even after" it received the letters. SOF ¶ 312.

Plaintiff caused the publication to his community in Ohio where his reputation is located. SOF ¶¶ 327. Plaintiff identified no one whose opinion of him changed or stopped associating with him due to the letters or accusations by Poulos. *See, e.g.*, SOF ¶¶ 132, 164, 169, 172, 175, 179, 182, 326, 331, 334, 354. Plaintiff identified no one in his community who even believed Poulos' accusations. *See, e.g.*, SOF ¶¶ 168, 171, 174, 178, 181, 355, 360, 362. Plaintiff voluntarily stopped teaching in 2009 and has no plans to work for reasons unrelated to the letters. SOF ¶¶ 368-370. Plaintiff acknowledged his own lawsuit (this action) has caused him emotional distress and cannot distinguish between the alleged emotional distress caused by this lawsuit as compared to the letters. SOF ¶¶ 371-372.

Summary judgment should be entered in favor of Garabedian because:

Plaintiff's claim is barred by judicial privilege. Garabedian's speech in furtherance of his client's interests was absolutely privileged. *Post v. Mendel*, 510 Pa. 213, 507 A.2d 351, 355 (Pa. 1986); *Bochetto v. Gibson*, 580 Pa. 245, 251 (2004); *Schanne v. Addis*, 632 Pa. 545 (2015). Poulos intended to report Ralston's sexual abuse to The Hill School and to instigate an investigation of Ralston. SOF ¶¶ 48-60, 105-109, 124, 127-128. Poulos sought a remedy from The Hill School – to make future abuse stop and monetary compensation for his injuries. SOF ¶¶ 51-59. While not a requirement for the attachment of judicial privilege, Poulos was *also*

contemplating filing a lawsuit when the statute of limitations was adjusted in Pennsylvania at the time the letters were sent. SOF ¶¶ 105-109. There was no overpublication.

Plaintiff's claim also fails because there was no abuse of a conditional privilege by Garabedian. *See, e.g., Moore v. Vislocky*, 240 Fed. Appx. 457, 463 (3d Cir. 2007) (quoting *Elia v. Erie Ins. Exchange*, 430 Pa. Super. 384, 391 (Pa. Super. 1993). The letters were sent by Garabedian while acting in the service of his client, Poulos. The Hill School solicited reports of historical allegations of sexual abuse in November 20, 2017 in a letter that used an example from the time period Poulos was a student at The Hill School. SOF ¶¶ 30, 34, 36. Even without the solicitation, Garabedian's client, Poulos, had an interest in reporting his sexual abuse to the appropriate official at The Hill School (Lehman), which had an interest in addressing reports of misconduct by a current or former employee. There is no evidence of malice or personal interest of Garabedian.

The letters at issue were not published in Ohio by Garabedian. Plaintiff's "domicile will be the place where most, if not all, of his or her reputational contacts are found." *Fitzpatrick v. Milky Way Prods., Inc.,* 537 F. Supp. 165, 171-72 (E.D. Pa. 1982); *Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 476 (E.D. Pa. 2010). Plaintiff's current reputation is in Ohio.

Plaintiff cannot prove harm caused by publication, even treating his community as "The Hill School community." A defamation plaintiff has the burden to prove "[s]pecial harm resulting to the plaintiff from its publication." 42 Pa. C.S.A. § 8343(a)(6). Plaintiff cannot prove he sustained any harm as a result of the publication of the letters by Garabedian.

Plaintiff is a limited purpose public figure within "The Hill School community." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351, 94 S.Ct. 2997, 3012-13, 41 L.Ed.2d 789 (1974). There is no evidence of actual malice. While acting in the service of his client, Garabedian wrote two

letters (both solicited by The Hill School) expressing his client's allegations of sexual abuse and injuries and monetary demand.  SOF ¶¶ 51-55, 59-60, 97-102, 116-121, 124, 127-129, 217-220, 224-225. The content of the letters themselves detailed the precise factual information that Poulos provided to Garabedian.  *See* SOF ¶¶ 124-125, 221-224.  Garabedian had no personal stake or interest other than professional in sending the letters in service of his client, Poulos.

WHEREFORE, the motion for summary judgment by defendants, Mitchell Garabedian and Mitchell Garabedian, Esquire d/b/a Law Offices of Mitchell Garabedian, should be granted and judgment entered in favor of defendants, Mitchell Garabedian, Mitchell Garabedian, Esquire d/b/a Law Offices of Mitchell Garabedian, and against plaintiff, Matthew B. Ralston.

                Respectfully submitted,

                /s/ Candidus K. Dougherty
                Jeffrey B. McCarron
                Candidus K. Dougherty
                Swartz Campbell LLC

Dated: November 15, 2021