IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW RALSTON** | : | |
| | : | |
| Plaintiff, | : | NO: 2:19-cv-01539 |
| v. | : | |
| | : | |
| **MITCHELL GARABEDIAN, ESQ., et al.** | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS
FROM PRESENTING INADMISSIBLE HEARSAY**

**I.   STATEMENT OF PERTINENT FACTS**

This defamation action stems from the Defendants' publication of several letters to Plaintiff's former employer, which accused him of sexually abusing Defendant Poulos in the mid-1990s and demanding a million dollars.  Second Amended Complaint ("SAC"), ECF #28.

Nonetheless, Plaintiff offers a few examples so as to endeavor to limit Defendant Poulos' potential to cause irreparable harm during trial and requests a cautionary instruction to Poulos that he is expected to comply with the rules of evidence and in particular the rule against hearsay.

Defendant Poulos has testified:

a) that other unnamed individuals noticed a "demeanor change" in high school. Poulos, 11/19/20 at 123:16-23 Exhibit "A" (0001a);

b) that "it's not like [a family friend] didn't know" *Id*, 11/24/20, at 528:10-25 Exhibit "B" (0003a);

c) he "had heard rumors that other teachers had been abusing students" *Id*, 5/27/21, at 110:14-25 Exhibit "C" (0005a);

d) he "heard rumors prior to [his] arrival about improprieties" *Id*, 11/20/20, at 329:20-330 Exhibit "D" (0007a); and

e) and that his opinions that a male teacher abused a male student at the school was "again, rumors and conject[ure]." *Id*, 11/20/20, at 334:10-16 Exhibit "E" (0009a).

The Garabedian Defendants have identified several exhibits they intend to introduce at trial, which also constitute inadmissible hearsay.[2] In particular, Defendants have identified a 4/17/2016 article from the New York Times (D-50). Exhibit "F" (0011a).

---

[2] Plaintiff has already filed his objections to said exhibits separately as ECF #199.

II.   ARGUMENT

   A. **Legal Standards**

Hearsay is defined as a statement that "the declarant does not make while testifying at the current trial or hearing...and...[is] offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. E. 801(c)(1)-(2). "[G]enerally, newspaper articles and television programs are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted and statements in newspapers by individuals other than the article's author often constitute double hearsay." *Merisant Co. v. McNeil Nutritionals, LLC*, 242 F.R.D. 303, 308 n.3 (E.D. Pa. 2007) (internal quotation marks omitted). The articles themselves constitute an additional layer of hearsay which must be independently admissible. See *Smith v. City of Allentown*, 589 F.3d 684, 693 (3d Cir. 2009). The general rule is that hearsay evidence is not admissible. Fed. R. E. 802.

   B. **Defendant Poulos Must Be Precluded From Offering Inadmissible Hearsay**

Defendant Poulos should be precluded from presenting inadmissible hearsay. Defendant Poulos is *pro se*. Defendant Poulos has repeatedly proffered hearsay during his deposition testimony and in legal filings to support his defense in this matter. Those examples are too numerous to formulate an exhaustive list. Mr. Poulos should be precluded from testifying about what other non-testifying and no-party witnesses purportedly felt, said, or "noticed." He must also be precluded to testifying to "rumors" and "conjecture."

The aforementioned testimony are just mere examples of the litany of hearsay evidence that Defendant Poulos may offer at trial, which clearly contain inadmissible hearsay. Plaintiff respectfully requests that this Court preclude Defendant Poulos from making any reference to

speculative and unfairly prejudicial hearsay and that he be cautioned against further testimony involving any purported statements by non-party witnesses.

### C. Defendants Must Be Precluded From Offering Any Evidence As To the Contents of the NYT Article from April, 2016 or Other Media HEarsay

The NYT article itself (identified as D-50) is hearsay and the contents of the article are even more glaringly inadmissible "double hearsay." The article itself constitutes an additional layer of hearsay which must be independently admissible and it is not.

The Defendants appear intent on admitting the contents of the article into evidence as an unfair way to prejudice this jury into believing that the instances of abuse described at other schools in the article was somehow occurring at The Hill School to Defendant Poulos; essentially offering the article as truth and then making the illogical leap to prejudice Plaintiff. This hearsay evidence is additionally irrelevant and otherwise would confuse and mislead the jury on the real issues of *this* trial with *these* parties; not issues at other schools with other students and other teachers.

## IV. CONCLUSION

Accordingly, Defendants should be precluded from presenting inadmissible hearsay evidence from non-testifying and non-party witnesses based on "rumors," "conjecture," or any media article.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

BY:   /s/ *Lane R. Jubb, Jr.*
JAMES E. BEASLEY, JR., ESQUIRE
LANE R. JUBB, JR., ESQUIRE
Lane.jubb@beasleyfirm.com

Dated: 29 December 2021