IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW RALSTON** | : | |
| | : | |
| **Plaintiff,** | : | **NO: 2:19-cv-01539** |
| v. | : | |
| | : | |
| **MITCHELL GARABEDIAN, ESQ., et al.** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION *IN LIMINE* TO PRECLUDE DEFENDANT POULOS
FROM OFFERING EVIDENCE AT TRIAL, OR ALTERNATIVELY,
FROM MAKING REFERENCE TO ANY EVIDENCE WITHHELD IN DISCOVERY**

**I.   STATEMENT OF PERTINENT FACTS**

This defamation action stems from the Defendants' publication of several letters to Plaintiff's former employer, which falsely accused him of sexually abusing Defendant Poulos in the mid-1990s and demanded a million-dollar payout. Second Amended Complaint ("SAC"), ECF #28.

On August 28, 2020 and September 2, 2021, Plaintiff served Requests for Admission on Defendant Kurtis Poulos. Plaintiff's August 28, 2020 and September 2, 2021 Requests for Admission are collectively attached as Exhibit "A" (0001a – 00017a). Defendant Poulos has never provided a response.

Plaintiff further anticipates Defendant Poulos will seek to admit into evidence and testify regarding facts and documents that were not previously disclosed in discovery. On May 19, 2020, May 28, 2020, June 5, 2020, August 28, 2020, September 2, 2021, September 16, 2021, and October 1, 2021 Plaintiff served discovery requests on Defendant Poulos. Plaintiff's Discovery Requests to Defendant Poulos are collectively attached as Exhibit "B" (00018a – 00065a). Defendant Poulos has never provided a response to Plaintiff's Discovery Requests. As a result, on August 28, 2020, Plaintiff filed a Motion to Compel Defendant Poulos to provide Full, Complete, and Specific Responses, Without Objections, to Plaintiff's 28 May 2020 and 5 June 2020 Discovery Requests. (ECF #75). That Motion was granted in part and denied in part by the Honorable Jan E. Dubois. (ECF # 84). Thereafter, Plaintiff filed another Motion to Compel Miscellaneous Discovery from Defendant Poulos. (ECF #95). Judge Dubois also granted that motion. (ECF #119). ***Despite two court order's*** compelling responses, Defendant Poulos has not provided a ***single*** verified response to Plaintiff's discovery requests. The only discovery Plaintiff was able to obtain from Defendant Poulos was in the form of an oral deposition. During

the deposition he made referenced a "folder" where he kept pertinent documents prior to and after the initiation of this lawsuit. He has produced no correspondence or documents. He flip flopped on mental health treatment and hasn't produced any corroborating records. As such, Defendant Poulos must be precluded from offering evidence and testimony related to facts and documents he did not produce or disclose in discovery.

II. **STATEMENT OF QUESTIONS INVOLVED**

1. Should this Honorable Court preclude Defendant Poulos from offering evidence at the time of trial or, alternatively, from referencing evidence, documents, and facts that were not disclosed during discovery where Defendant Poulos refused to comply with court orders compelling discovery, and permitting such evidence would unfair and substantially prejudice Plaintiff?

**Suggested Answer: Yes**

III. **ARGUMENT**

A. **Defendant Poulos Must Be Precluded from Offering Evidence and Testimony Regarding Evidence and Documents That Were Improperly Withheld by Him in Discovery**

Plaintiff anticipates that Defendant, Poulos, intends, as part of his putative exculpatory tact at trial, to reference new evidence, documents, papers, emails, letters, etc. that was never disclosed and produced in discovery. It is well established that a party who fails to make discovery, in the face of an order compelling discovery, may be precluded from offering the withheld evidence into trial. Fed .R. Civ. P. 37(b)(2)(A); *see also React Envtl. Prof'l Servs. Grp., Inc. v. Buzan*, 2021 U.S. Dist. LEXIS 152519 (E.D.Pa. 2021); *see also Szusterman v. Amoco Oil Co.*, 112 Fed.Appx. 130 (3d Cir. 2004). In determining whether to sanction a party pursuant to Rule 37, Courts consider:

3

> 1. the prejudice or surprise to a party against whom the evidence is offered; 2. Ability of the injured party to cure the prejudice; 3. Likelihood of disruption of trial; 4. Bad faith or willfulness involved in not comply with the disclosure rules; 5. Importance of the evidence to the proffering party.

*Globespanvirata, Inc. v. Tex. Instruments, Inc.*, 2005 U.S. Dist. LEXIS 16348 (D.N.J. 2005) (quoting *In re Mercedes-Benz Antitrust Litig.*, 225 F.R.D. 498, 506 (D.N.J. 2005)). Here, all five factors favor precluding Defendant Poulos from offering evidence intentionally withheld during discovery.

The first three prongs are easily met as Defendant Poulos has failed to provide key discovery that would lead to additional discoverable information including Mr. Poulos' prior mental health history, his communications with Mr. Garabedian and his office, and his communications with other individuals regarding this lawsuit. *See In re Mercedes-Benz Antitrust Litig.*, 225 F.R.D. at 505-08 (prejudice exists when the surprised party likely would have conducted discovery differently). Despite this evidence being available to Mr. Poulos, it has not been produced.

During Mr. Poulos' initial deposition, he identified only a single mental health care provider that he sought treatment from during his lifetime, Dr. Grade. *See* Poulos Deposition at 88:17-23. See Exhibit "C" (00066a – 00067a).  Yet, at later depositions, Mr. Poulos identified other mental health professionals he purportedly sought care from related to this incident. *See* Poulos Dep. at 528-529; 534:8-535:2; and 536-537. See Exhibit "D" (00068a – 00076a).  No other mental health professionals were identified by Defendant Poulos during discovery. Plaintiff anticipates Defendant Poulos will seek to testify to or reference evidence of other treating physicians in an attempt to legitimize his false claim that he was abused by plaintiff. He must be precluded from doing so.

Similarly, during his deposition, Mr. Poulos identified a folder he has in his possession, which includes communications with Mr. Garabedian and other's regarding the Hill School and this lawsuit. *See* Poulos at 128:12-129:18. Mr. Poulos has **refused** to produce this folder and any other communication between him and any other person, including Mr. Garabedian and members of his office, regarding the claims at issue in the case. This evidence, if properly produced, would have altered the course of discovery in that Plaintiff would have been able to assess what documents Mr. Poulos received from Mr. Garabedian's office and inquire discovery from additional witness Mr. Poulos potentially spoke to regarding his false allegations and this lawsuit.

Permitting Mr. Poulos to introduce and testify to evidence that was withheld during discovery would significantly prejudice Plaintiff because Defendant's failure to participate in discovery foreclosed various avenues of necessary discovery for Plaintiff that would be impossible to complete by the time of trial and would cause unjust surprise.

As to the fourth element, Defendant Poulos' bad faith is exemplified by his failure to provide responses to Plaintiff's Discovery Requests, despite being **compelled** to make that discovery in at least **two** separate orders. *See* ECF # 84 and 119. Notably, on March 18, 2021, Judge DuBois entered an Order compelling Defendant Poulos to provide verified responses to Plaintiff's 28 August 2020 Discovery Requests. (ECF # 119). Plaintiff's 28 August 2020 Discovery Requests plainly included the specific evidence at issue in this Motion, including Mr. Poulos' mental health record, communications with Mr. Garabedian and members of his office, and communications with other individuals regarding this lawsuit. *See* Exhibit "B." Despite having responsive information to these discovery requests defendant Poulos chose to disregard the Court's Order and refused to engage in discovery.

5

The import of the discovery could not be understated. This matter involves Poulos' false claims that Plaintiff abused him twenty five years ago when he was minor. Poulos continues to peddle these false claims yet was wholly failed to produce even a single document from his communications with anyone or any institution regarding the claims in this case. He claims to have documents (the "folder") and emails from the School, which he and Garabedian intend to rely on to support their case, which have never been produced by Poulos. Garabedian's production of correspondence with Poulos does not ameliorate the harm of Poulos' bad faith; Poulos should have considerably more documents reflecting communications with not only Garabedian, but The Hill School, and other third parties.

Furthermore, under Federal Rule of Civil Procedure 16(f)(1)(c), a district court may sanction a party. The Rule reads in pertinent part: (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: … (c) fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(c). Rule 16(f) incorporates by reference the sanctions authorized under Rule 37(b)(2)(A). Applicable here, Rule 37(b)(2)(A)(v) allows a district court to impose sanctions for failure to obey a pretrial order Under Rule 37(b)(2)(A), "a district court may sanction parties who fail to comply with its Orders in a variety of ways, including dismissal of the lawsuit." Poulos failed to comply with at least two separate pretrial orders pertaining to exhibits, witnesses, and pretrial memorandum – yet has managed to file motion after motion personally attacking the undersigned and moving to strike Plaintiff's own pretrial filings (see, e.g. ECF #182).

Defendant Poulos' failure to engage in or comply with his discovery obligations warrants an order precluding from presenting evidence at the time of trial. At the ***very least***, his conduct

effectively thumbing his nose at the court when convenient, warrants that this Court preclude him from offering evidence and testimony regarding mental health treatment, communications that have not been identified or produced, and any other evidence withheld in discovery.

## IV.     CONCLUSION

Accordingly, Defendant Poulos should be precluded from presenting any evidence at the time of trial or, alternatively, making any reference to information and documents not provided in discovery.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

BY:     /s/ *Lane R. Jubb, Jr.*
       JAMES E. BEASLEY, JR., ESQUIRE
       LOUIS F. TUMOLO ESQUIRE
       LANE R. JUBB, JR., ESQUIRE
       Attorneys for Plaintiff
       THE BEASLEY BUILDING
       1125 Walnut Street
       Philadelphia, PA 19107
       215.592.1000
       215.592.8360 (telefax)
       Lane.jubb@beasleyfirm.com
       Pa. I.D. No. 319272

Dated: 30 December 2021