**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTHEW RALSTON** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO.  19-1539** |
| | **:** | |
| **MITCHELL GARABEDIAN, ESQ.,** *et al.* | **:** | |
| | **:** | |

## ORDER

**AND NOW**, this 3rd day of January 2022, upon considering the Garabedian Defendants' Motion to preclude a variety of evaluations of the Plaintiff and Defendant Poulos from psychiatrist Barbara Ziv, M.D. (ECF Doc. No. 175), Plaintiff's Response (ECF Doc. No. 183), finding Dr. Ziv is qualified to offer reliable expert opinions on limited medical issues but does not apply specialized skill or knowledge as to several conclusions, cannot opine on witness credibility, cannot rely upon inadmissible bad acts, and for reasons in an accompanying Memorandum, it is **ORDERED** the Motion (ECF Doc. No. 175) is **GRANTED in part** and **DENIED in part**:

1.      Plaintiff is precluded from mentioning or adducing Dr. Ziv's conclusions to the extent she does not apply specialized skill or knowledge, her credibility determinations including her disbelief of Defendant Poulos because they invade the province of the jury, and her diagnoses of Mr. Poulos with pseudologia fantastica and personality disorders because they centrally rely upon highly prejudicial evidence of past bad acts; and,

2.      Plaintiff may be able to mention and adduce other conclusions from Dr. Ziv consistent with our findings after a Rule 104 evidentiary hearing so we can ensure her conclusions constitute permissible expert testimony.

_____
**KEARNEY, J.**