IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW RALSTON, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| MITCHELL GARABEDIAN, ESQUIRE, et al, | : | |
| | : | NO. 2:19-cv-01539 |
| Defendants. | : | |

**MOTION BY GARABEDIAN DEFENDANTS TO PERMIT REMOTE VIEWING BY SECURE ONE-WAY VIDEOCONFERENCE OF WITNESS TESTIMONY**

Defendants, Mitchell Garabedian, Esquire and Mitchell Garabedian, Esquire d/b/a Law Offices of Mitchell Garabedian, by and through their undersigned counsel, Swartz Campbell LLC, move to permit remote viewing by secure, one-way videoconference of witness testimony and aver in support:

1. The Court entered an order on January 6, 2022 permitting witnesses who are unavailable under *Federal Rule of Civil Procedure* 34(a)(4) to testify live via secure videoconference [Doc. 272].

2. In light of the Court's order at Doc. 272 , it is the understanding of the undersigned that Mr. Poulos may now intend to appear only to give testimony via videoconference and not in-person to participate in trial but would like to observe the testimony, either himself or through his mother.

3. Mr. Poulos will obviously need to provide his position to the Court about participating in trial but asked the undersigned if access to view the testimony could be arranged.

4. Mr. Garabedian is also unavailable under *Federal Rule of Civil Procedure* 34(a)(4) but would like to participate in his defense.

5. As previously indicated to the Court, Mr. Garabedian is 70 years old and concerned about staying in a hotel for the duration of trial to appear with counsel every day but wants to exercise his rights to participate (through counsel and his live testimony) and assist his counsel with his defense.

6. A representative of the insurer for Garabedian would like to attend the trial and planned to appear in-person.

7. Typically experts for parties appear to observe certain witness testimony.

8. The vendor handling courtroom technology for Garabedian defendants can set-up one-way access for pre-approved individuals to observe the testimony.

9. By way of example, during in-person depositions in this matter, the vendors set up a computer with a video camera showing the witness during testimony so that Mr. Poulos, Mr. Garabedian and other counsel for the parties other than the questioning counsel could observe or listen to the depositions without traveling to be present or increasing the number of occupants in the room where the depositions were occurring.

10. The same access for Mr. Poulos, Mr. Garabedian and multiple counsel was available for depositions conducted via Zoom so that the parties or multiple counsel other than questioning counsel could participate in the remote depositions.

11. In an effort to reduce the number of individuals who appear in-person to observe trial and the parties who are unavailable under *Rule* 34(a)(4), Garabedian defendants respectfully request permission to set up one-way access for pre-approved individuals to observe the witness testimony rather than appear in-person to observe the testimony.

12. The vendor can force the access to be one-way to remove any interruptions.

13. The access can be made equally accessible to plaintiff's observers.

14. The vendor can show the Court and all counsel the view of the remote observers for approval.

WHEREFORE, the motion by Garabedian defendants to permit remote viewing by secure, one-way videoconference of witness testimony should be granted.

                                              Respectfully submitted,

                                              /s/ Candidus K. Dougherty
                                              Jeffrey B. McCarron
                                              Candidus K. Dougherty
                                              SWARTZ CAMPBELL LLC

Dated:  January 7, 2022

## CERTIFICATE OF SERVICE

I, Candidus K. Dougherty, Esquire, hereby certify that a true and correct copy of the motion by defendants, Mitchell Garabedian, Esquire and Mitchell Garabedian, Esquire d/b/a Law Offices of Mitchell Garabedian, to permit remote viewing by secure, one-way videoconference of witness testimony was served upon counsel of record and the following parties by electronic service by ECF or email on January 7, 2022:

> James E. Beasley, Jr.
> Lane R. Jubb, Jr.
> Louis Tumolo
> The Beasley Firm, LLC
> 1125-35 Walnut Street
> Philadelphia, PA 19107
> 215-592-1000
> 215-592-8360 (fax)
> lane.jubb@beasleyfirm.com
>
> Kurtis N. Poulos
> 3239 W. Colony Drive
> Milwaukee, WI 53221
> lex101078@gmail.com

/s/ Candidus K. Dougherty
CANDIDUS K. DOUGHERTY