## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW RALSTON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  19-1539** |
| | : | |
| **MITCHELL GARABEDIAN, ESQ.,** | : | |
| **KURTIS N. POULOS, MITCHELL** | : | |
| **GARABEDIAN LAW OFFICE** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                      **May 13, 2022**

We today address what happens when a pro se non-Pennsylvanian defendant dies after a bench trial in our Court but before we issue our Judgment based on findings of fact and conclusions of law. We worked on the post-trial findings and conclusions and are close to issuing a Judgment. Another defendant then advised us of the passing of a co-defendant from Wisconsin. We may still issue our Judgment before a filed and served statement noting death of the pro se defendant. But we thought it prudent to ask counsel how they wish to proceed. They now offer differing views. We today stay our issuance of the Judgment for ten days to allow counsel to consider their next steps consistent with our understanding of their options.

### I.      Background

Matthew Ralston, a former teacher at the Hill School in Pottstown, claims Attorney Mitchell Garabedian and Kurtis Poulos defamed him by sending two letters to the Hill School falsely accusing Mr. Ralston of sexually abusing Mr. Poulos when he attended the Hill School in the mid-1990s.[1] Mr. Ralston sued Attorney Garabedian, his law offices, and Mr. Poulos—a Wisconsin citizen—for defamation under Pennsylvania Law.[2] Mr. Poulos defended himself pro se.

We held a two-week bench trial. The parties ordered the trial transcripts and timely filed extensive post-trial briefing. We began the arduous process of preparing findings of fact and conclusions of law under Federal Rule of Civil Procedure 52. But Attorney Garabedian's counsel sent us a letter representing Mr. Poulos died in Wisconsin on April 26, 2022.[3] We *sua sponte* paused our final steps in issuing the Judgment to allow the parties to gather and offer thoughts on proceeding under Rules 1 and 25.[4] We ordered Attorney Garabedian to send our Order allowing the parties to offer input to Mr. Poulos's mother, Mary Ellen Poulos. Attorney Garabedian's counsel timely sent our Order to Mrs. Poulos.[5]

## II.    Analysis

Mr. Ralston and Attorney Garabedian submit different approaches. The Poulos family did not offer input because Mr. Poulos passed after litigating pro se.

Mr. Ralston argues his defamation claim against Mr. Poulos survives his death under Pennsylvania Law.[6] Mr. Ralston proposes we substitute Mary Ellen Poulos for Mr. Poulos under Rule 25. He asks us to compel Mrs. Poulos to advise us whether she intends to open an estate for Mr. Poulos, whether Mr. Poulos died intestate, the identity of estate counsel, and whether Mrs. Poulos intends to accept service of a formal suggestion of death.

Attorney Garabedian, applying Wisconsin Law, argues Mr. Ralston's claim against Mr. Poulos died with Mr. Poulos.[7] Attorney Garabedian argues we lack jurisdiction over Mrs. Poulos and cannot compel her to do anything. He argues we should dismiss Mr. Ralston's claim against Mr. Poulos.

Federal Rule of Civil Procedure 25(a) governs substitution of a party upon death: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or

representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."[8] "Rule 25(a) provides a procedural device allowing for the substitution of a party in order for litigation on a decedent's behalf to continue."[9] "The substitute is thus not litigating on his or her own behalf and need not have standing in his personal capacity, but rather stands in the shoes of the decedent."[10] Rule 25 promotes "flexibility in substitution."[11] We should interpret it liberally.[12]

We write today solely for the parties' benefit because their proposals seem to misunderstand the Rule 25 process. We write to clarify procedures mindful of our obligations under Rule 1. We offer four guideposts: (1) Mr. Ralston's defamation claim against Mr. Poulos is not extinguished under Pennsylvania Law; (2) we will hold on issuing the final findings of fact and conclusions of law for another ten days to allow filing and service of a notice of death which, upon filing, requires us to stay issuing Judgment until the earlier of our ruling on a filed and served motion to substitute or ninety days absent a motion to substitute; (3) we presently lack personal jurisdiction over Mrs. Poulos; and (4) Rule 17 does not govern who may substitute for Mr. Poulos. We make no findings today as to whether Mrs. Poulos is a proper substitute for Mr. Poulos as Mr. Ralston proposed.

**A.  Mr. Ralston's defamation claim is not extinguished by Mr. Poulos's death.**

Rule 25(a)(1) only applies "[i]f a party dies and the claim is not extinguished."[13] "The threshold inquiry when analyzing a motion to substitute is whether the underlying claim is extinguished."[14] Rule 25 is merely "a procedural rule setting forth the proper method for the substitution of parties."[15] The survival of state-law claims "is a substantive question that requires the court to look at the underlying survivorship law."[16]

We must analyze Pennsylvania's survivorship statute because Mr. Ralston brings a Pennsylvania defamation claim against Mr. Poulos.[17] Mr. Ralston's defamation claim against Mr. Poulos survives under Pennsylvania's survival statute.[18]

Attorney Garabedian argues Wisconsin's survivorship statute somehow governs the survivorship of a Pennsylvania defamation claim against Mr. Poulos. Attorney Garabedian cites no authority for this proposition; he simply argues "it appears that Wisconsin statutory law governing survivorship of claims applies" because Mr. Poulos lived in Wisconsin.[19] We find no support for this proposition. Wisconsin courts seemingly agree with us in finding the law of the state creating the cause of action determines whether an action survives.[20] Mr. Ralston's Pennsylvania defamation claim survives under Pennsylvania Law.

### B. We will stay issuance of Judgment for ten days to allow filing and service of a notice of death which, upon filing, requires us to stay issuing Judgment until the earlier of our ruling on a filed and served motion to substitute or ninety days absent a motion to substitute.

Attorney Garabedian argues Mr. Ralston's ninety-day clock to substitute a party for Mr. Poulos started ticking when Attorney Garabedian noticed Mr. Poulos's death on April 27.[21] But Mr. Ralston's time to move to substitute does not start until the party he proposes to substitute is served under Rules 25 and 4.

Rule 25 requires we dismiss an action against a decedent if a motion to substitute "is not made within 90 days after *service* of a statement noting the death."[22] Rule 25 requires service of a "motion to substitute" and "statement noting death" on parties under Rule 5 and nonparties under Rule 4.[23]

The ninety-day time to move to substitute begins only once the movant files a "suggestion of death *and serves*" the statement noting death upon the party to be substituted under Rule 4.[24] This permissive rule upholds Rule 25's purpose of "allow[ing] flexibility in substitution of

parties."[25] The statement noting death has not been served upon a nonparty, so Mr. Ralston's time to move to substitute has not yet started. Mr. Ralston's motion to substitute, however, "can be made before a valid suggestion of death has been made."[26] Mr. Ralston does not need our leave to begin substitution proceedings.

Because no one has yet filed a notice of death and then moved to substitute, we may proceed with findings of fact and conclusions of law. "If no one moves for substitution, it is proper for the court to proceed to judgment with the original named parties."[27] We lack "authority to order the substitution of proper parties" absent a motion to substitute.[28] We know Mr. Poulos is deceased, but our "actual knowledge of the death is immaterial."[29] Staying proceedings absent a formal suggestion of death would risk an interminable stay because "[n]othing in Rule 25 says that a suggestion of death ***must*** be made or sets forth a time frame for doing it."[30]

But we will not rush to Judgment. We are aware Mr. Poulos has passed. Mr. Ralston told us he plans to move to substitute for Mr. Poulos. Rule 25 is flexible and "not intended to act as a bar to otherwise meritorious actions."[31] We will briefly pause in issuing our findings of fact and conclusions of law for ten days to provide Mr. Ralston time (should he wish to do so) to serve a notice of death. Once this occurs, Mr. Ralston has ninety days to move to substitute. After those ninety days, we will dismiss Mr. Poulos absent a motion to substitute. We expect to receive a motion to substitute within those ninety days. We trust Mr. Ralston will not take the full ninety days to move to substitute following service of the statement noting death given his representations he "proposes to solve this issue as quickly as possible."[32]

### C. We presently lack jurisdiction over Mrs. Poulos.

Mr. Ralston proposes we should compel Mrs. Poulos to appear before us and disclose information about her son's affairs. We cannot. Mrs. Poulos is a Wisconsin citizen and non-party. Mr. Ralston offers no basis for our exercise of personal jurisdiction over Mrs. Poulos. Should Mr.

Ralston proceed with moving to substitute Mrs. Poulos and he properly serves her under Rule 25(a)(3) and Rule 4, we might establish personal jurisdiction over her. But we lack jurisdiction today.

### D. Rule 17 is inapposite.

Attorney Garabedian argues Mr. Poulos must substitute the "real party in interest" for Mr. Poulos under Rule 17.[33] He offers no authority. We assume Attorney Garabedian is invoking Rule 17 and arguing Rule 17 governs substitution of Mr. Poulos. But Rule 25—not Rule 17—governs substitution.

Rule 17(a) does not govern Mr. Ralston's substitution of Mr. Poulos. Rule 17(a) governs the "real party in interest" in civil litigation.[34] The rule requires the "real party in interest" must "prosecute[]" actions.[35] The rule simply governs who "may *sue* in their own names"; it does not govern who may *be* sued.[36] Rule 17(a) is inapplicable to the substitution of a defendant.

Nor does Rule 17(b) apply. Rule 17(b) governs a party's "capacity to sue or be sued."[37] "Rule 17(b) does not apply to the substitution of parties."[38] Rule 17(b) governs who may be sued at the *outset* of litigation; Rule 25 governs who may be substituted *during* the litigation. Rule 17(b) "does not purport to make provision for the substitution of parties."[39] This is because "[i]t is hardly likely that the rulemakers would have treated the matter of substitution in piecemeal fashion" by silently making Rule 17(b) govern Rule 25.[40] Attorney Garabedian cites no authority for the proposition Rule 17(b) is relevant to whom Mr. Ralston may substitute for Mr. Poulos.

### III.    Conclusion

Mr. Ralston sues his former student Kurtis Poulos for defamation. We held a two-week bench trial. Mr. Poulos died after our trial but before we finalized and issued our findings of fact and conclusions of law. We write for the parties' benefit to clarify our next steps. Mr. Ralston's defamation claim against Mr. Poulos survives under Pennsylvania Law. Mr. Ralston's time to

6

move to substitute a proper party for Mr. Poulos has not begun but we will stay issuing Judgment for ten days to provide Mr. Ralston time to file and serve a notice of death for Mr. Poulos, which, upon filing, requires us to stay issuing Judgment until the earlier of our ruling on a filed and served motion to substitute or ninety days absent a motion to substitute. We presently lack personal jurisdiction over Mrs. Poulos until this service. Rule 17 does not govern.

We trust experienced counsel will act quickly but absent Mr. Ralston filing and serving a statement of death, we will prepare to issue findings of fact and conclusions of law after May 23, 2022.

---

[1] ECF Doc. No. 28.

[2] *Id.*

[3] ECF Doc. No. 407.

[4] ECF Doc. No. 408.

[5] ECF Doc. No. 409.

[6] ECF Doc. No. 410.

[7] ECF Doc. No. 411.

[8] Fed. R. Civ. P. 25(a)(1).

[9] *Roe v. City of New York*, No. 9062, 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003).

[10] *Id.*

[11] *Rocco v. Bickel*, No. 12-829, 2013 WL 4000886, at *2 (M.D. Pa. Aug. 5, 2013).

[12] *Boggs v. Dravo Corp.*, 532 F.2d 897, 900 (3d Cir. 1976).

[13] Fed. R. Civ. P. 25(a)(1).

[14] *Cuoco v. Palisades Collection, LLC*, No. 13-6592, 2014 WL 956229, at *3 (D.N.J. Mar. 11, 2014).

[15] *In re Baycol Prod. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010).

[16] *Cuoco*, 2014 WL 956229, at *6.

[17] *See, e.g.*, *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971) ("Under general principles of conflict of laws, whether a cause of action survives the death of the defendant is determined by the law of the *jurisdiction in which the cause of action arose*." (emphasis added)); *Cont'l Assur. Co. v. Am. Bankshares Corp.*, 483 F. Supp. 175, 177 (E.D. Wis. 1980) ("The question of whether an action survives the death of a party must be determined by looking towards the law, state or federal, under which the cause of action arose.").

[18] 42 Pa. C. S. § 8302 ("All causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."); *G.J.D. v. Johnson*, 669 A.2d 378, 381 (Pa. Super. Ct. 1995) (applying survival statute to Pennsylvania defamation claim), *aff'd*, 713 A.2d 1127 (Pa. 1998).

[19] ECF Doc. No. 411 at 6.

[20] *Cont'l Assur. Co.*, 483 F. Supp. at 177.

[21] ECF Doc. No. 407.

[22] Fed. R. Civ. P. 25(a)(1) (emphasis added).

[23] Fed. R. Civ. P. 25(a)(3).

[24] *Giles v. Campbell*, 698 F.3d 153, 159 n.5 (3d Cir. 2012) (compiling circuit decisions holding the same); *see also Sampson v. ASC Indus.*, 780 F.3d 679, 682 (5th Cir. 2015) ("[F]or the ninety-day deadline to run under Rule 25, the suggestion of death must have been personally served on the deceased-plaintiff's estate pursuant to Rule 4.") (compiling circuit decisions holding the same).

[25] *Boggs*, 532 F.2d at 900.

[26] *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993); *see also Hunter v. Kennedy*, No. 17-00007, 2021 WL 2682043, at *2 (M.D. Pa. June 30, 2021) ("Although a formal suggestion of death was not filed here, it is not necessary that a notation of the fact of death be made on the record before a motion for substitution can be made.").

[27] 6 James Wm. Moore et al., *Moore's Federal Practice* § 25.12[5] (3d ed. 1997) (compiling cases).

[28] *Taylor v. Plousis*, 101 F. Supp. 2d 255, 257 n.1 (D.N.J. 2000).

[29] *Thorpe v. Borough of Thorpe*, No. 10-01317, 2011 WL 5878377, at *2 (M.D. Pa. Nov. 23, 2011), *aff'd*, 770 F.3d 255 (3d Cir. 2014).

[30] *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994) (emphasis added).

[31] *George v. United States*, 208 F.R.D. 29, 32 (D. Conn. 2001) (internal quotations omitted).

[32] ECF Doc. No. 412 at 2.

[33] ECF Doc. No. 411 at 5.

[34] Fed. R. Civ. P. 17(a)(1).

[35] *Id.*

[36] *Id.*; *see also Kuelbs v. Hill*, 615 F.3d 1037, 1042 (8th Cir. 2010) (reading Rule 17(a) and Rule 25 together as to who may "prosecute[]" an action).

[37] Fed. R. Civ. P. 17(b).

[38] *Veliz v. Cintas Corp.*, No. 03-1180, 2008 WL 2811171, at *2 n.3 (N.D. Cal. July 17, 2008).

[39] *Jones v. Schellenberger*, 196 F.2d 852, 854 (7th Cir. 1952).

[40] *Id.*