IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW RALSTON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 19-1539** |
| | : | |
| **MITCHELL GARABEDIAN, ESQ.,** | : | |
| **KURTIS N. POULOS, MITCHELL** | : | |
| **GARABEDIAN LAW OFFICE** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                      **August 24, 2022**

Former Hill School teacher and capital giving officer Matthew Ralston has pursued defamation claims against Mitchell Garabedian, Esquire and his client Kurtis Poulos in this Court since April 2019. The parties engaged in discovery and, upon reassignment to our docket, we completed a two-week bench trial in January 2022. But Mr. Poulos, the student at the center of Mr. Ralston's allegations, regrettably passed away in late April 2022 shortly after we digested the parties' voluminous post-trial Proposed Findings of Fact and Conclusions of Law.

We need to either dismiss or allow a substitute person for the deceased to proceed to judgment against Mr. Poulos. Mr. Ralston has now moved twice to substitute persons for the deceased Mr. Poulos. We denied his first request as he failed to show his proposed substitute is a beneficiary of Mr. Poulos's unestablished estate. Mr. Ralston then retained a Wisconsin attorney seeking to open an estate and appoint a personal representative who could substitute for Mr. Poulos under Federal Rule 25. The Wisconsin Probate Court denied Mr. Ralston's petition to appoint a personal representative on August 8, 2022. Mr. Ralston now moves to substitute Mr. Poulos's mother or an attorney for Mr. Poulos.

We must again deny Mr. Ralston's motion to substitute Mr. Poulos's mother or an attorney for Mr. Poulos. Mr. Ralston must propose the personal representative of Mr. Poulos's estate to be substituted in an ongoing defamation claim under Pennsylvania law. Mr. Ralston does not move to substitute a personal representative of Mr. Poulos's estate.

We will issue findings of fact and conclusions of law but not enter judgment as to Mr. Ralston's defamation claim against the deceased Mr. Poulos. We grant Mr. Ralston leave to timely seek an extension of time to move for substitution of a personal representative or show cause why we should not dismiss his claims against Mr. Poulos.

I.   **Background**

Former Hill School teacher and capital giving officer Matthew Ralston claims the recently deceased Wisconsin citizen Kurtis Poulos and his attorney Mitchell Garabedian defamed him by sending two letters to his employer The Hill School falsely accusing Mr. Ralston of sexually abusing Mr. Poulos when he attended the Hill School in the mid-1990s.[1] Mr. Ralston sued for defamation under Pennsylvania law.[2] Mr. Poulos defended himself *pro se* although there is ample evidence his mother Mary Ellen Poulos, a licensed lawyer, assisted him on several occasions.[3]

We held a two-week bench trial in January 2022. The parties ordered the trial transcripts and timely filed extensive post-trial briefing. We began preparing findings of fact and conclusions of law under Federal Rule of Civil Procedure 52. But Mr. Poulos passed on April 26, 2022, as we finalized our Findings of Fact and Conclusions of Law.[4] Mr. Ralston filed a Notice of Death on May 16, 2022.[5] We paused delivering a judgment without Mr. Poulos while Mr. Ralston attempted to substitute a party for Mr. Poulos.

Mr. Ralston first moved to substitute Mary Ellen Poulos.[6] Mr. Ralston argued Mrs. Poulos constituted Mr. Poulos's beneficiary, assuming Mr. Poulos died intestate. We denied Mr. Ralston's motion because he did not adduce evidence showing Mrs. Poulos constituted a beneficiary.[7] We

continued staying issuing our Judgment with supporting Memorandum to allow Mr. Ralston time to substitute a proper party with evidence.

Mr. Ralston promptly retained Wisconsin attorney Stephen Lasky to petition the Wisconsin Probate Court to open an estate for Mr. Poulos and appoint an administrator for the estate.[8] Attorney Lasky petitioned the court to appoint attorney John Zabkowicz to administer Mr. Poulos's estate.[9] The Wisconsin court denied Mr. Ralston's motion after a five-minute hearing, citing "trouble determining standing."[10] Wisconsin Attorney Lasky submitted an affidavit in our Court disagreeing with the Wisconsin court's ruling but noting "appealing the decision could take many months longer than is practical for purposes of resolving" this action.[11]

## II.  Analysis

Mr. Ralston now again moves to substitute Mary Ellen Poulos for Kurtis Poulos under Federal Rule 25. Wisconsin Attorney Lasky swears Mr. Poulos died without a will, leaving Mrs. Poulos and Mr. Poulos's father, Nicholas George Poulos Jr., as Mr. Poulos's only heirs.[12] Mr. Ralston argues Mrs. Poulos is an appropriate substitute because she will be the beneficiary of Mr. Poulos's estate once opened. Mr. Ralston alternatively argues we should substitute Attorney Zabkowicz for Mr. Poulos as guardian *ad litem* to represent Mr. Poulos until his estate is opened.

We deny Mr. Ralston's motion to substitute. Pennsylvania law, not Federal Rule 25, determines who constitutes a "proper party" to substitute for Mr. Poulos. Under Pennsylvania law, actions surviving a decedent must be brought against the personal representative of the decedent's estate. Mary Ellen Poulos and Attorney Zabkowicz are not personal representatives of Mr. Poulos's estate, so they are not proper parties for substitution under Pennsylvania law.

We will issue our findings of fact and conclusions of law but stay issuing a Judgment as to Mr. Poulos. Mr. Ralston and Attorney Garabedian waited more than seven months for closure following our bench trial. Wisconsin Attorney Lasky swears appealing the denial of his probate

3

petition in Wisconsin could take several months. We do not dismiss Mr. Ralston's claim against Mr. Poulos today because it would frustrate the flexible purposes of Rule 25. We grant Mr. Ralston leave to promptly seek an extension of time to move for substitution of a personal representative or show cause why we should not dismiss his claims against Mr. Poulos.

      **A.    We deny Mr. Ralston's motion to substitute because neither Mrs. Poulos nor Attorney Zabkowicz are Mr. Poulos's "personal representative."**

Federal Rule 25(a) "provides the procedure required for substitution after the death of a party."[13] Rule 25(a)(1) provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Rule 25(a)(1) embodies three inquires: whether "(1) the claims pled are extinguished; (2) the motion [to substitute] is timely; and (3) the person being substituted is the proper party."[14]

Mr. Ralston satisfies the first two inquiries. The first inquiry—*i.e.*, whether the claims are extinguished—is "a matter of substantive law and is decided by the law, whether state or federal, that creates the cause of action."[15] We apply Pennsylvania law to determine survivorship of Mr. Ralston's Pennsylvania defamation claim.[16] Mr. Ralston's defamation claim against Mr. Poulos survives Mr. Poulos's death because under Pennsylvania law, "[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant."[17] The second inquiry—*i.e.*, whether the motion to substitute is timely—is procedural.[18] Mr. Ralston's motion is timely because he moved to substitute within ninety days of filing the notice of death under Rule 25.

Mr. Ralston's motion fails at the third inquiry. The third inquiry—*i.e.*, whether the person being substituted is the proper party—is governed by state law when we adjudicate state claims.[19]

4

The proper party for substitution is generally the person possessing "the legal right and authority . . . to defend against the claims brought against the deceased party."[20] "Whether a person is a proper party is, therefore, a substantive rather than procedural question and is determined according to state law."[21] A state's rules of civil procedure, though often procedural in nature, may determine who constitutes a proper party under Rule 25.[22] We again apply the law of the forum state, Pennsylvania.[23]

A "proper party" for substitution under Pennsylvania law is the deceased party's "personal representative. Under Pennsylvania's Rules of Civil Procedure, the "personal representative of the deceased party" is the proper party for substitution.[24] While more general Pennsylvania procedural rules allow a "successor" to substitute for a party,[25] Pennsylvania's more specific rule governing substitution after death of a party makes it a "necessity" to substitute "the personal representative of the deceased party."[26] The General Assembly in Pennsylvania's Probate Code also provides "[s]ubstitution of the personal representative of a deceased party to a pending action or proceeding shall be as provided by law."[27] All actions surviving a decedent "must be brought by or against the personal representative of the decedent's estate."[28] "Only the decedent's personal representative therefore has the capacity to represent the interests of the decedent under Pennsylvania's survival statute."[29]

We deny Mr. Ralston's motion to substitute because he does not move to substitute a "personal representative" of Mr. Poulos. A "personal representative" under Pennsylvania law is "the 'executor or administrator' of the estate."[30] Mr. Poulos does not have an estate because the Wisconsin Probate Court denied Attorney Lasky's petition to open an estate. No executor or administrator exists to serve as Mr. Poulos's personal representative.[31] We must deny the motion to substitute under the governing Pennsylvania law.[32]

Mr. Ralston does not cite Pennsylvania substantive law in his motion; he instead argues federal law or Wisconsin law applies to the question of who constitutes a "proper party." We disagree. Federal law would apply if Mr. Ralston brought federal claims because "[w]hether a claim under federal law survives the death of a party is a question of federal law."[33] But federal courts resolving Pennsylvania state law claims like defamation must apply Pennsylvania law to the "proper party" question.[34] We recognize "federal courts have agreed that the requirement of appointing a legal representative is too rigid."[35] But we lack discretion to heed this approach when applying state law. Wisconsin law also does not apply because Mr. Ralston brings a claim under Pennsylvania law, not Wisconsin law. Wisconsin law cannot determine the survivorship of a Pennsylvania cause of action.[36] Mr. Ralston implicitly concedes this by acknowledging Pennsylvania's survivorship statute governs the survival of his defamation claim. While the Wisconsin courts may be the appropriate venue for Mr. Ralston to raise an estate for a deceased Wisconsinite, Wisconsin's substitution rules are inapposite today.

> **B.   We will issue our findings of fact and conclusions of law, withhold judgment as to Mr. Poulos, and grant Mr. Ralston leave to seek an extension of time to move for substitution of a personal representative or show cause why we should not dismiss his claims against Mr. Poulos.**

We now address next steps. We will issue findings of fact and conclusions of law but withhold judgment as to Mr. Poulos. We grant Mr. Ralston leave to seek an extension of time to move for substitution of a personal representative or show cause why we should not dismiss his claims against Mr. Poulos.

> **1.   We will promptly issue findings of fact and conclusions of law but stay issuing judgment as to Mr. Poulos.**

We cannot enter judgment as to Mr. Poulos because "[a] dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect."[37] But this does not mean we must withhold findings of fact and conclusions of law. The Rules of Civil Procedure

do not "require issuance of findings and conclusions at the same time as the order or judgment."[38] Under Rule 52, "[j]udgment must be entered under Rule 58"[39] after we issue our findings of fact and conclusions of law. Rule 58 simply provides "judgment is entered" when the Clerk of Court enters the judgment "in the civil docket" under Rule 79(a).[40] If we do not issue judgment, the Clerk of Court has nothing to enter.

We stayed issuing findings of fact and conclusions of law over the last four months while Mr. Ralston tried to find a proper party to substitute for Mr. Poulos. We anticipated the substitution process would resolve quickly and we could promptly issue findings of fact and conclusions of law.[41] We did not think our decision would delay resolution for another three months. The parties have now waited more than seven months for closure following the January bench trial. We can no longer delay. Mr. Poulos's death does not change our findings of fact and conclusions of law; we find the facts solely on the evidence presented at trial. We will proceed to issue our findings and conclusions in a memorandum under Rule 52(a). We will enter judgment as to Mr. Ralston's claim against Attorney Garabedian. We will continue staying judgment as to Mr. Poulos until and unless we can grant a motion to substitute a personal representative or dismiss claims against Mr. Poulos.

> **2.      We grant Mr. Ralston leave to seek an extension of time to move for substitution of a personal representative or show cause why we should not dismiss his claims against Mr. Poulos.**

We have now denied two motions to substitute. More than ninety days elapsed since Mr. Ralston filed the notice of death, so we could dismiss Mr. Ralston's claim.[42] But we must interpret Rule 25 flexibly.[43] We enjoy inherent "authority under Rule 6(b) to extend the 90-day time for filing a substitution motion."[44] Motions to extend the time to move to substitute "should be liberally granted."[45]

Dismissing Mr. Ralston's claim against Mr. Poulos would frustrate Rule 25's flexible approach to substitution. Mr. Ralston diligently moved to raise an estate for Mr. Poulos in Wisconsin. The Wisconsin Probate Court denied Attorney Lasky's petition to raise an estate. Attorney Lasky may appeal but he expects we are several months away from further resolution. We will not extinguish Mr. Ralston's claim against Mr. Poulos today without providing Mr. Ralston the opportunity to review our findings of fact and conclusions of law and assess his next steps including whether to move for an extension of time to move for substitution of a personal representative for Mr. Poulos.

### III. Conclusion

We must deny Mr. Ralston's second motion to substitute because the parties he proposes as substitutes for the deceased Kurtis Poulos are not personal representatives under Pennsylvania law. We will proceed to issue findings of fact and conclusions of law following our bench trial. We grant Mr. Ralston leave to timely move for an extension of time to substitute a personal representative under Pennsylvania law for Mr. Poulos or show cause why we should not dismiss his claims against Mr. Poulos.

---

[1] ECF Doc. No. 28.

[2] *Id.*

[3] It appears, for example, Mrs. Poulos assisted in moving for summary judgment on her son's behalf in November 2021. *See* ECF Doc. No. 416-5 (Mrs. Poulos emailing a summary judgment motion to the docketing clerk).

[4] ECF Doc. No. 407.

[5] ECF Doc. No. 415.

[6] ECF Doc. No. 416.

[7] ECF Doc. No. 419.

---

[8] ECF Doc. No. 432-4 at 4.

[9] *Id.* at 7.

[10] ECF Doc. No. 432-5 ¶ 19.

[11] *Id.*

[12] *Id.* ¶¶ 6–7.

[13] *Giles v. Campbell*, 698 F.3d 153, 155 (3d Cir. 2012); *see also In re Baycol Prod. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010) ("Rule 25(a) is a procedural rule setting forth the proper method for the substitution of parties, and federal courts must apply federal rules, rather than state law, in determining the proper procedure for substitution following a party's death.").

[14] *Reposh v. Sellers*, No. 12-2524, 2016 WL 1364247, at *2 (M.D. Pa. Apr. 6, 2016).

[15] 6 Moore's Federal Practice, § 25.11[1] (Bender 3d ed.); *Giles*, 698 F.3d at 156 (Rule 25 does not supply the "substantive law applied to determine whether a claim is extinguished"); *In re Baycol*, 616 F.3d at 785 ("[I]n a diversity case, we look to state substantive law to determine whether the cause of action survives.").

[16] *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 837 (3d Cir. 1994) (whether state claim "survived" death of party "is a matter of state law").

[17] 42 Pa. C. S. § 8302; *G.J.D. v. Johnson*, 669 A.2d 378, 381 (Pa. Super. Ct. 1995) (applying survival statute to Pennsylvania defamation claim), *aff'd*, 713 A.2d 1127 (Pa. 1998).

[18] *In re Baycol*, 616 F.3d at 788 ("[T]he method by which one must proceed as the successor to establish a right to substitution is procedural, and is governed by federal law.").

[19] *Id.* at 787–88 ("The question of *who* is a proper party is a substantive issue, for which we must rely upon state law." (emphasis in original)).

[20] 6 Moore's Federal Practice, § 25.12[3] (Bender 3d ed.).

[21] 6 Moore's Federal Practice, § 25.12[3] (Bender 3d ed.); *see also Wallace ex rel. Wallace v. Novartis Pharms. Corp.*, 984 F. Supp. 2d 377, 382 (M.D. Pa. 2013) (finding "Pennsylvania law determines" whether proposed substitute is proper in case involving Pennsylvania claims).

[22] *See, e.g.*, *In re Baycol*, 616 F.3d at 786 (examining Cal. Civ. Proc. Code § 377.31 to determine "the substantive question of who is . . . a proper party for substitution" under California law).

[23] *See, e.g.*, *Biatiu v. Specialized Loan Servicing LLC*, No. 19-822, 2019 WL 5448702, at *2 (S.D.N.Y. Oct. 24, 2019) (Rule 25's terms "are defined by the law of the forum state"); *Wallace*, 984 F. Supp. 2d at 382.

---

[24] Pa. R.C.P. No. 2355(a).

[25] Pa. R.C.P. No. 2352(a) ("The successor may become a party to a pending action. . . .").

[26] Pa. R.C.P. No. 2355, explanatory cmt.; *see also Cholewka v. Gelso*, 193 A.3d 1023, 1033 (Pa. Super. Ct. 2018) (deceased party "should have been dismissed from the case" after "no personal representative was substituted in his place"); *Grimm v. Grimm*, 149 A.3d 77, 84 (Pa. Super. Ct. 2016) (substitution of the deceased party's personal representative is "mandatory" for action to proceed).

[27] 20 Pa. Stat. and Cons. Stat. Ann. § 3372.

[28] *Wilson v. Bank of Am., N.A.*, 48 F. Supp. 3d 787, 796 (E.D. Pa. 2014) (quoting *Prevish v. Nw. Med. Ctr. Oil City Campus*, 692 A.2d 192, 200 (Pa. Super. Ct. 1997)).

[29] *Reposh*, 2016 WL 1364247, at *3 (emphasis removed).

[30] *Id.* at *3 (quoting 20 Pa. Stat. and Cons. Stat. Ann. § 102); *see also Knit With v. Knitting Fever, Inc.*, 742 F. Supp. 2d 568, 588 n.11 (E.D. Pa. 2010) ("Pennsylvania law provides that suit may only be brought by the personal representative of the decedent, meaning the administrator or executor of the estate.").

[31] *Reposh*, 2016 WL 1364247, at *4.

[32] *See id.* at *3 (applying Pennsylvania substantive law to determine who constitutes a "proper party" under federal civil rights law where federal law did not address survivorship, and denying motion to substitute because the party proposed to be substituted was not the executor of decedent's estate, and therefore not a "personal representative" under Pennsylvania law); *Wallace*, 984 F. Supp. 2d at 382 (same finding when adjudicating Pennsylvania claim); *cf. also Hunter v. Kennedy*, No. 17-7, 2021 WL 2682043, at *3 (M.D. Pa. June 30, 2021) (substituting executrix of estate when adjudicating Pennsylvania claim because "there is no question" an executrix of the deceased's estate is a "proper party for substitution").

[33] 6 Moore's Federal Practice, § 25.11[3] (Bender 3d ed.); *see also Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993) (in case involving claims under Employee Retirement Income Security Act, substituting the widow of an intestate decedent even though the widow had "not been formally named as the representative of" the decedent's estate because the widow was "at least the primary distributee" of the decedent's estate).

[34] *See Wallace*, 984 F. Supp. 2d at 382 n.5 (rejecting application of federal authority "involv[ing] causes of action based on federal law rather than state law" in deciding substitution when adjudicating state claims).

[35] *Mitchell v. LVNV Funding, LLC*, No. 12-523, 2020 WL 614645, at *3 (N.D. Ind. Feb. 10, 2020). Some federal courts frame the substitution inquiry as whether a proposed substitute "could be" appointed by a state probate court as personal representative, not whether the proposed substitute

---

"has been formally appointed." *In re Willow Bend Ventures, LLC*, No. 18-6910, 2020 WL 242783, at *1 (E.D. La. Jan. 16, 2020). We cannot follow this analysis under Pennsylvania law because Pennsylvania law requires a personal representative, not someone who "could" be a personal representative.

[36] 20 Pa. Stat. and Cons. Stat. Ann. § 3373 ("An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive.").

[37] *Valentin v. Cartegena*, 544 A.2d 1028, 1029 (Pa. Super. Ct. 1988) (quoting *Thompson v. Peck*, 181 A. 597, 598 (Pa. 1935)).

[38] *Parcel 49C Ltd. P'ship v. United States*, 31 F.3d 1147, 1150 (Fed. Cir. 1994).

[39] Fed. R. Civ. P. 52(a).

[40] Fed. R. Civ. P. 58(c).

[41] ECF Doc. No. 413 at 5.

[42] *See, e.g.*, *Reposh*, 2016 WL 1364247, at *4.

[43] *See Boggs v. Dravo Corp.*, 532 F.2d 897, 900 (3d Cir. 1976); *Rocco v. Bickel*, No. 12-829, 2013 WL 4000886, at *2 (M.D. Pa. Aug. 5, 2013).

[44] 6 Moore's Federal Practice, § 25.13[3] (Bender 3d ed.).

[45] *Tatterson v. Koppers Co.*, 104 F.R.D. 19, 20 (W.D. Pa. 1984) ("[T]he history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.").